WILLIS, APPELLANT, *v.* RCA
CORPORATION ET AL., APPELLEES.

Mr. Winston E. Willis, pro se.

Mr. Terrence J. Clark, for appellees
RCA Corporation et al.

MARKUS, P.J. Plaintiff appeals from
an order dismissing his action with prej-
udice because he failed to appear at a
pretrial. Since the record does not show
that plaintiff's absence was contumaci-
ous, deliberately dilatory, or gross
misconduct, the dismissal with prejudice
was too harsh a penalty. Therefore, we
modify the dismissal to be without prej-
udice.

Plaintiff filed a verified complaint
seeking injunctive relief and money
damages. He claimed that a national
television network, its local subsidiary
station, and a local television reporter
were broadcasting allegedly defamatory
material.

The court denied plaintiff's motion for
a temporary restraining order, ruling that
plaintiff had not satisfied the re-
quirements for a prior restraint of public
expression. That order noted: "the truth
or falsity of [defendants'] message [was]
not [then] at issue" and if plaintiff
"[could] demonstrate damages he [would
be] entitled to recover damages at law
* * *."

(No. 46571—Decided October 31, 1983.)

1

The court scheduled a pretrial conference approximately fifteen weeks later, providing all parties with more than a month's advance notice. When plaintiff failed to appear at that pretrial, the court promptly dismissed plaintiff's suit with prejudice.

## I

Plaintiff's sole appellate argument asserts that the trial court abused its discretion by dismissing his case with prejudice.[1]

Civ. R. 41(B) provides in part:

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

"* * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision [plaintiff's written notice of voluntary dismissal], operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

Cuyahoga County Common Pleas Local Rule 21 supplements Civ. R. 41(B):

"Pretrial Procedure

"For the purpose of insuring the readiness of cases for pretrial and trial the following procedure shall be in effect.

"A pretrial conference shall be conducted in all civil cases prior to being scheduled for trial * * *.

"* * *

"Part II: Pretrial Conference

"(G) Any judge presiding at a pretrial conference or trial shall have the authority:

"1. To dismiss an action for want of prosecution on motion of defendant upon failure of plaintiff and/or his counsel to appear in person at any pretrial conference or trial."

This court will not disturb a trial court's dismissal pursuant to these rules, unless the complaining party demonstrates that the court thereby abused its discretion. *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219 [6 O.O.3d 237]. In this case, plaintiff acknowledges that he knew about the scheduled pretrial and failed to appear without notifying the court he would not attend.[2] He argues that his absence resulted from his inadvertent failure to note the pretrial date on his calendar. Even if that explanation is accurate, the court did not abuse its discretion by dismissing the action.

However, the court should not order a dismissal with prejudice unless plaintiff's "conduct * * * is so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for [such] a dismissal * * *." *Schreiner* v. *Karson*, *supra*, at 233; see, also, *Dyotherm Corp.* v. *Turbo Machine Co.* (C.A. 3, 1968), 392 F. 2d 146; *Flaska* v. *Little River Marine Constr. Co.* (C.A. 5, 1968), 389 F. 2d 885, certiorari denied (1968), 392 U.S. 928.

Dismissal with prejudice for nonappearance is a drastic remedy which should be used sparingly and in extreme situations. The court has a wide variety of lesser sanctions available, including (1) a reprimand by the court; (2) a finding of contempt; (3) an order prohibiting the party or attorney from appearing in that court without different counsel in the

---

[1] App. R. 16 requires every appellant's brief to set forth specific assignments of error. Local App. R. 6 allows this court discretion to reject and return any brief which does not conform to App. R. 16. Though this appellant's brief fails to identify any assignment of error by that designation, his brief sufficiently states the issue for decision by this court. Therefore, we choose to resolve his appeal on its merits.

[2] Plaintiff-appellant also failed to appear for the scheduled oral argument in this court, without notifying the court that he would not attend.

future; and (4) a dismissal without prejudice. See Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation (1962), 72 Yale L. J. 819. The power of the trial court to prevent undue delays and to control its calendars must be weighed against the policy which favors disposition of litigation on the merits. *Link* v. *Wabash RR. Co.* (1962), 370 U.S. 626.

The record before us does not demonstrate that plaintiff was deliberate or rebellious in his dealings with the trial court. Cf. *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89. Plaintiff's complaint was filed less than four months prior to this pretrial conference. Nothing in the record suggests that plaintiff was dilatory or irresponsible in pursuing his cause of action. We do not countenance plaintiff's absence from the pretrial. However, the circumstances here did not justify an order that plaintiff should forever lose his day in court.

Accordingly, we modify the dismissal with prejudice to a dismissal without prejudice. As so modified, the trial court's judgment is affirmed.

*Judgment affirmed*
*as modified.*

NAHRA and ANN McMANAMON, JJ., concur.