787 F.2d 589
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DERAN MARKETING CORP., Plaintiff-Appellant,
v.
FISHER FOODS, INC., Defendant-Appellee.
 84-3527
 United States Court of Appeals, Sixth Circuit.
 3/27/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 Before: JONES and WELLFORD, Cricuit Judges; GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Deran Marketing Corp. ('Deran') appeals from the denial by the district court on June 18, 1984, of its motion to vacate under Fed.R.Civ.P. 60(b)(1) and 60(b)(6) the prior judgment of the court dismissing its complaint against defendant Fisher Foods, Inc. ('Fisher').
 
 
 2
 Plaintiff Deran filed its complaint against defendant Fisher on July 8, 1982, in the United States District Court for the District of New Jersey. By stipulated agreement of the parties, the case was transferred to the Northern District of Ohio, Eastern Division, on January 10, 1983. The stipulation was entered into as part of an agreement that Fisher would withdraw its motion to dismiss filed on December 20, 1982.
 
 
 3
 On February 11, 1983, a notice that a status call conference would be held on May 27, 1983, at 12 noon and a two-page pretrial order were filed and sent to counsel of record. The order indicated that discovery was to be completed on or before May 13, 1983, and that the case would be scheduled for trial on or after August 15, 1983.
 
 
 4
 On February 18, 1983, defendant Fisher filed its answer and submitted a set of interrogatories and a request for production of documents to Deran.
 
 
 5
 The status call conference was held as scheduled on May 27, 1983. Although counsel for defendant Fisher attended, counsel for plaintiff Deran failed to appear. On May 31, 1983, the district court entered an order which stated that
 
 
 6
 [n]o counsel for the plaintiff appeared [at the conference] nor has counsel for the plaintiff requested a continuance.
 
 
 7
 During the status call it came to the attention of the court that the defendant filed interrogatories and requested for [sic] production of documents on February 18, 1983. The court was advised at the status call that defendant has received no response as to documents.
 
 
 8
 In view of the foregoing this case is hereby dismissed for want of prosecution.
 
 
 9
 Plaintiff did not appeal this dismissal.
 
 
 10
 Eight months later, on January 31, 1984, counsel for plaintiff Deran filed a motion to reinstate the case. (Plaintiff's present counsel, located in Cleveland, filed this motion; plaintiff's prior counsel had been based in New Jersey.) In this motion, plaintiff wrote:
 
 
 11
 Plaintiff offers no excuses as to the actions or inactions of his attorneys in both regards [i.e., in not attending the scheduled status call conference and in not responding to discovery]. Nor can plaintiff argue that the Court was not justified in its dismissal of the action for want of prosecution.
 
 
 12
 Since that time, however, plaintiff has retained new counsel located in Cleveland, Ohio and is prepared at this time to resume prosecution of this action. Plaintiff submits that defendant will not be prejudiced by the resumption of this action as the allegations of the complaint are well known to the defendant as there was a Stipulation entered into between plaintiff's former counsel and defendant's counsel in New Jersey that the action be removed and transferred to the Northern District of Ohio, Eastern Division.
 
 
 13
 Further, there is no question that the action was filed within the applicable statute of limitations (15 years).
 
 
 14
 Thus, plaintiff respectfully requests that it be allowed to resume the prosecution of this action instead of having to refile the same and reserve defendant with the complaint, and to allow plaintiff thirty (30) days from the resumption of the action to respond to plaintiff's interrogatories and request for production of documents.
 
 
 15
 Defendant Fisher opposed this motion by a brief filed February 2, 1984, and the district court overruled the motion on February 13, 1984.
 
 
 16
 Characterizing the motion as one to vacate a judgment under Fed.R.Civ.P. 60(b)(1) or 60(b)(6), the district court held:
 
 
 17
 Deran Marketing has presented the Court with no reason why the dismissal should be set aside other than the fact it is ready to resume prosecution. Nor has Deran Marketing presented any justification for the eight month delay before moving for reinstatement. Further, the eight month delay can only serve to prejudice Fisher Foods' ability to prepare a defense. The Court, therefore, finds nothing that would justify a change in its original disposition of the case.
 
 
 18
 Plaintiff did not appeal this ruling.
 
 
 19
 On May 29, 1984, three and one-half months after the district court's denial of plaintiff's motion, Deran filed a second motion to vacate judgment under Rule 60(b)(1) or 60(b)(6), attaching two affidavits from its New Jersey attorneys. The first affidavit was from Mitchel B. Craner, a member of the firm originally retained to represent Deran. Craner stated that Deran requested his firm's resignation and that the file was turned over to Dominick Profaci in April 1983. At that time, Profaci was informed of the outstanding discovery and the May 27, 1983, status call. The second affidavit, from Profaci, confirmed Craner's comments, and stated:
 
 
 20
 At the time of my retention, I was aware that under the local court rules of this Court that since I was not admitted to practice in this district that I would require the retention and assistance of local counsel. I took this case based upon my client's understanding and the requirement that I would be given sufficient funds to retain local counsel.
 
 
 21
 At the time of my retention by plaintiff, I had just left a job as general counsel to a firm. I was in the midst of trying to establish a practice. Within the next two months I changed my professional affiliations twice. Finally, I located at plaintiff's premises, where I became involved in some complex and lengthly litigation. I operated in this situation without the use of a secretary.
 
 
 22
 I reminded plaintiff's officers of the requirement for retaining local counsel. Plaintiff was short of cash and could not afford to pay for local counsel. As a result of the above circumstances I unfortunately and mistakingly forgot about the status call and failed to appear in Court on May 27, 1983.
 
 
 23
 Profaci went on to call his situation at that time 'extraordinary' and his actions 'understandable.' Defendant again opposed plaintiff's motion by a brief filed June 7, 1984. Plaintiff filed a reply brief on June 18, 1984, and, on the same date, the district court overruled plaintiff's second motion.
 
 
 24
 On July 2, 1984, plaintiff Deran filed a notice of appeal 'from the denial of its Motion to Vacate Judgment on June 18, 1984.' No other notices of appeal were filed by plaintiff.
 
 
 25
 Because plaintiff Deran appealed neither the May 31, 1983, dismissal of its complaint nor the February 13, 1984, denial of its first motion to vacate, neither of those judgments are now before this court. Plaintiff has appealed only from the June 18, 1984, denial of its second motion to vacate, and an appeal from a denial of a motion to vacate under Rule 60(b) does not open the underlying judgment to review. See 7 J. Moore & J. Lucas, Moore's Federal Practice, p60.30, (1985); 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2871 (1973 & Supp. 1985).
 
 
 26
 Plaintiff Deran's arguments on appeal appear to be based on the erroneous presumption that the district court's dismissal of its complaint is now before this court. Three of the four cases cited by the plaintiff, however, involve direct appeals from judgments of dismissal, not appeals from denials of Rule 60(b) motions. See Carter v. City of Memphis, 636 F.2d 159 (6th Cir. 1980); J. F. Edwards Construction Co. v. Anderson Safeway Guard Rail Corp., 542 F. 2d 1318 (7th Cir. 1976); Willis v. RCA Corp., 12 Ohio App. 3d 1, 465 N.E.2d 924 (1983); Patterson v. Township of Grand Blan, 760 F.2d 686 (6th Cir. 1985). In the final case cited by plaintiff Deran, Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382 (5th Cir. 1978), the court reached the underlying judgment only because the Rule 60(b) motion was filed within the time for appeal. Accord Barrier v. Beaver, 712 F.2d 231 (6th Cir. 1983). Here, the notice of appeal was filed thirteen months after the entry of the district court's dismissal.
 
 
 27
 The appropriate standard of review is thus whether the district court abused its discretion in denying plaintiff's second motion to vacate. Moore's Federal Practice, supra, paragraphs60.30, 60.19; Wright & Miller, supra, Sec. 2872; Smith v. Kincaid, 249 F.2d 243 (6th Cir. 1957); Bank of Montreal v. Olafsson, 648 F.2d 1078, 1079 (6th Cir.), cert. denied, 454 U.S. 1084 (1981).
 
 Rule 60(b) provides in pertinent part:
 
 28
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.
 
 
 29
 Fed.R.Civ.P. 60(b). On the record before this court, we find no abuse of discretion by the district court. The district court could have found, within its discretion, first, that plaintiff Deran's second motion to vacate was not filed within a reasonable time and was thus untimely; and second, that insufficient grounds were presented to establish excusable neglect or other circumstances justifying vacating the judgment of dismissal.
 
 
 30
 Any motion under Rule 60(b) must be brought within a 'reasonable time,' but motions brought upon certain grounds--including those enumerated in Rule 60(b)(1)--must in no event be brought more than one year after judgment. Thus, a motion under Rule 60(b)(1) will be held untimely if not brought within a reasonable time, even though brought within one year. See Moore's Federal Practice, supra, p60.28(2); Wright & Miller, supra, Sec. 2866. Among the factors to be considered in determining a reasonable time are whether the party opposing the otion has been prejudiced by the delay in seeking relief and whether the movant had some good reason for his failure to take appropriate action sooner. Wright & Miller, supra, Sec. 2866.
 
 
 31
 Under the instant facts, plaintiff clearly did not file its second motion to vacate within a reasonable time. Deran admits knowledge at all times of the district court's actions, as well as the 'grounds' asserted as a basis for relief. No explanation is given of the plaintiff's failure to take other available opportunities to protect its rights, including appeals of the district court's dismissal or the denial of the first motion to vacate (both of which were final, appealable orders). In ruling on the first motion to vacate, the district court found that the plaintiff had presented no justification for its eight-month delay in filing the motion to vacate and that a potential for prejudice to defendant existed. A motion filed three and one-half months after this ruling is clearly untimely where no justification for the further delay was advanced. See Planet Corp. v. Sullivan, 702 F.2d 123 (7th Cir. 1983) (second motion to vacate held untimely though filed within one year).
 
 
 32
 Alternatively, the facts submitted by plaintiff Deran in support of its motion to vacate are hardly such as to compel a holding by this court that the district court abused its discretion. Of the grounds listed in Rule 60(b)(1),--mistake, inadvertence, surprise, and excusable neglect--Deran's grounds concerning the lack of funds and attorney negligence appear to constitute at best excusable neglect. A number of courts have held that attorney negligence generally does not constitute excusable neglect under Rule 60(b)(1), see Universal Film Exchanges, Inc. v. Lust, 479 F.2d 573 (4th Cir. 1973); Link v. Wabash Railroad Co., 370 U.S. 626 (1962); Smith v. Stone, 308 F.2d 15 (9th Cir. 1962), and that relief under Rule 60(b) generally is not available where a conscious decision not to appeal has been made, Plotkin v. Pacific Telephone & Telegraph Co., 688 F.2d 1291, 1293 (9th Cir. 1982). See also Pierce v. United Mine Workers of America Welfare and Retirement Fund for 1950 and 1974, 770 F.2d 449 (6th Cir. 1985) (Merritt, J.). In sum, we find no abuse of discretion in the district court's holding that grounds for relief under Rule 60(b) were not established.
 
 
 33
 For these reasons, the judgment of the district court is AFFIRMED.
 
 
 34
 JONES, Circuit Judge, concurring.
 
 
 35
 Although I concur in the result reached in this case, I am writing separately to express my displeasure with the district court's denial of the second Rule 60(b) motion without stating any reasons for its ruling. The majority opinion correctly notes that the underlying dismissal of the case and the decision on the first Rule 60(b) motion were not the subject of this appeal. From a purely technical standpoint, the basis for those rulings should not be before this court unless the district court expressly indicated that the second motion was being denied for the same reasons. If Deran had filed the second motion without attaching affidavits, it would be a prudently logical decision on our part to presume that the basis for the district court's ruling on the second motion was the same as on the first motion. But that is not the case here. Affidavits were attached to the second motion and there is no indication that the district court even considered them before rendering a ruling.
 
 
 36
 Regardless of the legitimacy of those affidavits, the movant is entitled to know that its affidavits were considered or the reasons the district court decided not to consider them. This court should not have to speculate as to, or presume, as the court was compelled to do in this case, a basis for the district court's denial of the second motion.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation