**GOOSLIN, Appellant,**

v.

**FORTADO, Appellee.**

[Cite as *Gooslin v. Fortado* (1992), 80 Ohio App.3d 373.]

Court of Appeals of Ohio,
Summit County.

No. 15411.

Decided June 24, 1992.

374

*David Patterson*, for appellant.

*Gary Martin*, for appellee.

---

REECE, Judge.

In this appeal we must review the Summit County Court of Common Pleas' dismissal of an attorney malpractice lawsuit for failure to prosecute. Plaintiff-appellant, Manny Gooslin, filed his complaint against defendant-appellee, Matthew Fortado, on March 13, 1991. A specific demand for damages in excess of $25,000 was set forth in violation of R.C. 2309.01(B)(2).[1]

---

**1.** That provision declares:

"If the complainant in a tort action in a court of common pleas seeks more than twenty-five thousand dollars in damages, he shall not specify in the demand for judgment for the relief to which he claims he is entitled the amount of the damages sought."

On June 7, 1991, Fortado tendered his answer denying liability. Gooslin responded with a motion to strike this pleading because it was not timely filed. Civ.R. 12(A)(1). On July 2, 1991, the court issued notice that a hearing was scheduled for July 24, 1991. Apparently, Fortado's counsel appeared at this session but Gooslin's attorney did not. Gooslin himself was present.

In an order dated July 29, 1991, the court overruled Gooslin's motion. The judge further observed, on his own initiative, that Gooslin's complaint was not in conformity with R.C. 2309.01(B)(2). The document was therefore ordered "stricken from the file."[2] In addition, Gooslin's counsel was directed to pay Fortado's attorney $250 for his failure to appear at the hearing.

On August 13, 1991, Gooslin tendered a motion for reconsideration to the court. Notice was thereafter forwarded on August 21, 1991 that a pretrial was set for October 1, 1991. Fortado submitted a memorandum in opposition to the request for reconsideration. Attached thereto was an affidavit of his attorney sworn August 22, 1991, which charged that the sanction had not been paid. In an order dated September 3, 1991, Gooslin's motion was denied.

On October 3, 1991, the court issued the following directive:

"It has come to the Court's attention that the Plaintiff has failed to further plead after his complaint was stricken by the Court Order of July 29, 1991 and has failed to pay the sanction set forth therein. Therefore, the within case is dismissed."

Gooslin's appeal of this final order is now before this court. Two assignments of error have been raised.

### Assignment of Error I

"The court abused its discretion in dismissing the complaint for failure to further plead and failure to pay sanctions."

Civ.R. 41(B)(1) permits a trial court to dismiss an action with prejudice for failure to prosecute after sufficient prior notice has been afforded to the plaintiff. The trial judge's authority to impose this harsh sanction is not unbridled. *Dever v. Lambert Ford, Inc.* (May 9, 1990), Summit App. No. 14388, unreported, at 4, 1990 WL 65319; *Security Apt. Invest. Co. v. Shah*

---

2. The trial court's entry is ambiguous in this respect. It is not clear as to whether the complaint was actually dismissed or is still pending in the proceedings. According to a notation from the clerk's office, the pleading "has been sealed and removed from the file and placed in the clerk of court's safe." This confusion is fueled by the manifest unreasonableness of dismissing an entire complaint simply because the prayer was aberrant. Implicitly, Civ.R. 12(F) suggests that only the improper "claim," "defense," or other objectionable "matter" should be excised. See *Walton v. Beck* (Nov. 27, 1990), Wyandot App. No. 16–89–15, unreported, 1990 WL 188203.

(Sept. 26, 1990), Summit App. No. 14524, unreported, at 4–5, 1990 WL 139831. An abuse of discretion will be found where the circumstances precipitating the termination were not extreme and other less drastic alternatives were not considered. *Willis v. RCA Corp.* (1983), 12 Ohio App.3d 1, 12 OBR 57, 465 N.E.2d 924; *Crest Mgt., Inc. v. Berrodin* (Apr. 22, 1992), Summit App. No. 15352, unreported, 1992 WL 82654.

The entry of October 3, 1991 suggests two rationales for dismissing Gooslin's lawsuit. The first was his failure to further plead after his complaint was ordered struck. It does not appear from the record that Gooslin was ever instructed to draft a revised complaint. The only irregularity in the pleading was the specific request for damages. This flaw was effectively remedied when the document was removed from public inspection. Since all concerned parties were still on notice of the basis of the lawsuit, the proceedings could continue for all practical purposes. Any supposed urgency in the filing of a corrected complaint was illusory.

The second justification was counsel's two-month delay in paying the sanction assessed for neglecting to attend the hearing. There is no evidence that the trial court set a deadline for when the debt was to be satisfied. By all accounts, Gooslin himself was not directly to blame for the attorney's procrastination. The only conceivable harm which resulted was that Fortado's counsel was unable to utilize the $250 for sixty-six days.

Every citizen of Ohio enjoys a fundamental right to civil redress in a court of law. Section 16, Article I, Constitution of Ohio. We have previously recognized that dismissal of a lawsuit on the merits is a drastic penalty which should not be employed when lesser sanctions would suffice. *Schreiner v. Karson* (1977), 52 Ohio App.2d 219, 222–224, 6 O.O.3d 237, 238–240, 369 N.E.2d 800, 802–804; *Dukes v. Cole* (1985), 23 Ohio App.3d 65, 23 OBR 110, 491 N.E.2d 374. This case does not present the sort of repeated defiance of judicial procedure and decorum which would ordinarily be expected to prompt such a response. Rather, a wide assortment of other remedies, including a reprimand, further fine, declaration of contempt, or demand for new counsel, were available. *Willis, supra.* All things considered, the trial judge's dismissal of Gooslin's complaint for the reasons stated was too harsh.

This assignment of error is sustained.

### Assignment of Error II

"The trial court abused its discretion by dismissing the complaint without giving notice to appellant's counsel."

Civ.R. 41(B)(1) demands that the court notify the plaintiff's attorney before a complaint may be dismissed for lack of prosecution. *Perotti v.*

*Ferguson* (1983), 7 Ohio St.3d 1, 7 OBR 256, 454 N.E.2d 951, syllabus. "The obvious purpose of this notice requirement is to afford plaintiff's counsel an opportunity to show why his client's case should not be dismissed with prejudice." *Metcalf v. Ohio State Univ. Hosp.* (1981), 2 Ohio App.3d 166, 167, 2 OBR 182, 183, 441 N.E.2d 299, 301.

Gooslin's attorney was never warned of the possibility of penalties for failure to file an amended complaint. Dismissal on this basis was therefore inappropriate. See *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 131–132, 574 N.E.2d 579, 582–583.

The order of July 29, 1991 did, however, advise that:

" * * * Failure to pay [the $250] sanction will result in dismissal of Plaintiff's case *with* prejudice."

As already noted, no firm date was set for when the assessment was to be satisfied. Nevertheless, Gooslin's attorney was afforded ample opportunity to either pay the sanction or show cause why the complaint should not be dismissed. Reasonably sufficient notice was therefore supplied even though the basis for dismissal set forth was improper.

This assignment of error is sustained, in part, and otherwise overruled.

The common pleas court's entry of dismissal is reversed and vacated. This case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., and COOK, J., concur.