Defendant-appellant, John Pettit, has appealed an order of the Medina Municipal Court that dismissed his counterclaim with prejudice and entered a default judgment in favor of Plaintiff-appellee, Phoenix Boat Works, Inc. We reverse.
On January 10, 1997, a pretrial was held before a magistrate on Appellee's claim against Appellant and Appellant's counterclaim. Neither Appellant nor his counsel appeared for pretrial. During the pretrial, Appellee orally moved for default judgment. The magistrate granted the motion for default judgment on January 13, 1997. Appellant timely objected to the trial court. The trial court overruled the objections and adopted the magistrate's decision on February 13, 1997. Appellant timely appealed, but this court dismissed the appeal for lack of a final, appealable order on August 18, 1997. On August 25, 1997, the trial court dismissed Appellant's counterclaim with prejudice for failure to attend the January 10, 1997, pretrial. Appellant timely appealed and has raised two assignments of error, which are consolidated for ease of discussion.
ASSIGNMENT OF ERROR I
 The trial court erred in entering default judgment against the [Appellant] after he had timely answered and filed a counterclaim.
ASSIGNMENT OF ERROR II
 The trial court erred in granting judgment against the [Appellant] and subsequently dismissing his counterclaim when no written notice of an application for judgment or notice of dismissal of his counterclaim was served upon [Appellant] pursuant to the Ohio. Rules of Civil Procedure.
In his assignments of error, Appellant has argued that the trial court erred by granting a default judgment to Appellee and dismissing his counterclaim with prejudice.
 A. Default Judgment
Civ.R. 55(A) provides:
 When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend * * * the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * * If the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application.
When a defendant has placed a case in issue by filing an answer, default judgment is inappropriate, and the plaintiff must present a prima facie case before judgment can be entered in the plaintiff's favor. Disciplinary Counsel v. Jackson
(1998), 81 Ohio St.3d 308, 311. Similarly, the Supreme Court of Ohio has stated that default judgment is not available against a defendant who has pleaded but later failed to appear at trial:
 The proper action for a court to take when a defending party who has pleaded fails to show for trial is to require the party seeking relief to proceed ex parte in the opponent's absence. Such a procedure, which requires affirmative proof of the essential elements of a claim, is diametrically opposed to the concept of default, which is based upon admission and which therefore obviates the need for proof.
Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 122.
In this case, Appellant filed a timely answer and counterclaim. The trial court affirmed the magistrate's decision that entered a default judgment against Appellant three days after he failed to appear at a pretrial conference. Default judgment, under these circumstances, was error.
 B. Dismissal with Prejudice
Civ.R. 41(B)(1) permits the trial court to sua sponte dismiss a claim or counterclaim for failure to prosecute provided that notice is given to the claimant's counsel. As counterclaimant, Appellant bore the responsibility of prosecuting his claim against Appellee. To the extent that he failed to do so, the court's decision to dismiss the counterclaim with prejudice will not be disturbed on appeal absent an abuse of the trial court's discretion. Jones v. Hartranft (1997), 78 Ohio St.3d 368,371. The law favors the decision of cases on the merits "unless the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice" under Civ.R. 41(B)(1). Schreiner v.Karson (1977), 52 Ohio App.2d 219, 223.
A trial court must provide notice to counsel before dismissing a case for failure to attend a pretrial hearing.Perotti v. Ferguson (1983), 7 Ohio St.3d 1, syllabus. The notice requirement provides the defaulting party with an opportunity to explain or correct the default or to explain why the case should not be dismissed with prejudice. Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128; Gooslin v. Fortado
(1992), 80 Ohio App.3d 373, 377. In Noles v. Bennett (Sept. 30, 1998), Lorain App. No. 97CA006988, unreported, this court applied the notice rule in reversing a trial court order that dismissed the plaintiff's complaint with prejudice for failing to appear for pretrial. As in this case, the notice to appear for pretrial provided a general notice that dismissal may result from failure to appear. We noted that the trial court's failure to give notice that dismissal was under consideration after the plaintiff failed to appear deprived the plaintiff of the opportunity to defend against the dismissal. Id. at 5-6.
In this case, Appellant failed to appear at pretrial. The trial court dismissed his counterclaim with prejudice because of this failure to appear. The record provides no indication that Appellant was provided an opportunity to explain or to otherwise cure the default. Under these circumstances, the trial court erred by dismissing Appellant's counterclaim with prejudice.
Appellant's assignments of error are sustained. The judgment of the trial court is reversed and the case is remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Medina Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
BAIRD, J., CARR, J., CONCUR.