This is an appeal from an order of Judge Brian J. Corrigan that dismissed with prejudice the legal malpractice claims of appellant Larry A. Whitaker, pro se, against appellee Leonard Yelsky, whom Whitaker hired to represent him through post-conviction proceedings. Whitaker, an inmate at the state penitentiary in Lima, Ohio, failed to appear in court on the scheduled trial date and claims it was error to fail to notify him of an intention to dismiss if he was not present, error to deny him leave to file a motion for summary judgment, error to fail to appoint an expert witness who would prepare a report on his behalf and that his rights to due process were violated. We agree in part and modify the judgment to dismissal without prejudice.
Whitaker alleged that he hired Yelsky to represent him in post-conviction relief proceedings following his conviction and affirmance on direct appeal of two counts of felonious sexual penetration, R.C.2907.05. He claimed Yelsky agreed to file a post-conviction petition alleging numerous grounds, including prosecutorial misconduct and the withholding of exculpatory evidence and that Yelsky agreed to review existing court documents, obtain other documents that had been withheld by prosecutors or not discovered by his trial lawyers, and would interview the attorneys, the judge, and others associated with his criminal trial in order to get relevant information and documents. Whitaker then stated that Yelsky failed to interview these witnesses, failed to obtain documents, failed to review his case, and knowingly filed an inadequate post-conviction relief petition that did not raise relevant claims in the petition, but instead raised claims that had already been litigated in his direct appeal and were thus barred by res judicata. He also claimed that Yelsky failed to support the claims that were raised in the petition when he did not discover the exculpatory evidence withheld by the prosecutor, and when he did not provide supporting affidavits to the petition. The post-conviction petition was dismissed without hearing by the judge, and that decision was affirmed on appeal. State v. Whitaker (Feb. 5, 1997), Defiance App. No. 4-96-28, unreported.
On July 19, 1998, Whitaker, pro se, filed a complaint against Yelsky and requested damages both for the amount he paid Yelsky and for the failure to submit a proper petition. Service was perfected on July 30, 1998, and, thereafter, several motions for extension of time to answer were granted. On October 23, 1998, Yelsky responded to the complaint with a motion for summary judgment alleging that it was barred by the statute of limitations. On January 28, 1999, after briefing by both parties, Yelsky's motion for summary judgment was denied and a pretrial conference was set for March 1, 1999. On February 19, 1999, Whitaker filed a request to hold the March 1 pretrial via telephone. On March 5, 1999, without explanation, the judge declared the request moot and on March 16, 1999, entered an order that indicated a pretrial conference had been held on March 1, and dates set for expert reports, final pretrial conference, and trial. According to the order, Plaintiff's expert report was due on April 12, 1999, and, Defendant's expert report was due June 1, 1999. The final pretrial conference was set for July 20, 1999, and trial on July 29, 1999.
On April 19, 1999, Whitaker filed a motion for an extension of time in which to file his expert report, which was granted, and the time extended to May 11, 1999. On June 29, 1999, Whitaker filed a request for an expert to be appointed to provide his report because he claimed to have contacted many lawyers and bar associations without finding anyone willing to render an opinion concerning Yelsky's malpractice. This motion was denied on July 13, 1999.
On July 23, 1999, Whitaker filed for leave to file a summary judgment motion but made no mention of the final pretrial conference scheduled for July 20, 1999, nor the trial scheduled for July 29, 1999. The record contains no submissions from either party with respect to the July 20, 1999 final pretrial,[1] nor any entry that indicated that any conference was held.
The judge denied Whitaker's request for leave to file a summary judgment motion on the basis it was made too close to the trial date, and dismissed his case with prejudice for failure to appear for the scheduled trial. Both entries indicated the date of the ruling was July 29, 1999. Whitaker appealed and Yelsky filed a cross appeal.
Whitaker's first assignment of error states:
 I. THE TRIAL COURT ERRORED [sic] AND ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT WHEN IT CAPRICIOUSLY AND ARBITRARILY DISMISSED APPELLANT'S CASE WITH PREJUDICE WITHOUT AFFORDING APPELLANT A NOTICE OF ITS INTENT OR ANY TYPE OF CONSIDERATION FROM APPELLANT.
Civ.R. 41(B)(1) allows a judge to dismiss an action with prejudice for failure to prosecute, failure to comply with the Civil Rules, or for failure to comply with a court order, so long as he first provided notice to a, plaintiff's counsel or, in this case, to the, plaintiff himself. The journal entry here stated that the dismissal was pursuant to 45B-2, but Civ.R. 45, concerning subpoenas, is inapplicable and has no subsection (B)(2). We, therefore, assume the entry refers to Civ.R. 41(B)(2), which allows a judge in a non-jury action to dismiss the, plaintiff's claim after the presentation of the, plaintiff's evidence. The transcript of proceedings revealed that the judge dismissed the case and indicated it was a non-jury action.
It appears, in an effort to skirt the notice requirement of Civ.R. 41(B)(1), the judge intentionally referred to Civ.R. 41(B)(2), but Civ.R. 41(B)(2) is inapplicable here because Yelsky had made a jury demand and Whitaker had not presented his case. A, plaintiff's failure to appear for trial is appropriately considered under Civ.R. 41(B)(1) as a failure to prosecute and/or a failure to comply with a court order.
The dismissal of Whitaker's case presents two issues; 1) whether he was given proper notice of the judge's intention to dismiss, and 2) whether dismissal with prejudice was the appropriate sanction for failure to appear at trial. Although Civ.R. 41(B)(1) states that dismissal is inappropriate unless notice is given, Yelsky argues, as he did at trial, that the judge was allowed to find implied notice — that Whitaker knew or should have known that failure to appear for trial would result in dismissal, and therefore dismissal upon failure to appear was appropriate. Schreiner v. Karson (1977), 52 Ohio App.2d 219, 222-24,369 N.E.2d 800, 803. Furthermore, even though dismissals with prejudice are disfavored, a judge has discretion to dismiss a case with prejudice when a, plaintiff's conduct is particularly egregious, evidencing a deliberate disregard of court rules or a rebellious attitude. Id.; Willis v. RCA Corp. (1983), 12 Ohio App.3d 1, 3, 465 N.E.2d 924, 926.
This court has generally adopted the view that notice of a judge's intent to dismiss under Civ.R. 41(B)(1) may be implied when reasonable under the circumstances. Greene v. Univ. Hosp. of Cleveland (Feb. 20, 1992), Cuyahoga App. No. 59899, unreported (citing Schreiner). The Ohio Supreme Court also has stated that implied notice can satisfy Civ.R. 41(B)(1). Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,49, 684 N.E.2d 319, 322. There is still some question, however, concerning the circumstances under which the Ohio Supreme Court will find implied notice. In Logsdon v. Nichols (1995), 72 Ohio St.3d 124,647 N.E.2d 1361, the Court held that a, plaintiff was not given proper notice of the judge's intent to dismiss for failure to appear at an assigned trial date. Id. at 128, 647 N.E.2d at 1365. The Quonset Hut Court then found that an opposing litigant's motion to dismiss a case as a Civ.R. 37 sanction for failure to comply with discovery orders was sufficient to imply notice of an intent to dismiss the case. Quonset Hut, 80 Ohio St.3d at 48-49, 684 N.E.2d at 322. Despite the dissent's argument that Quonset Hut amounted to a sub silentio overruling of Logsdon, the majority left Logsdon intact, at least on its facts. Most recently, in Sazima v. Chalko (1999), 86 Ohio St.3d 151, 712 N.E.2d 729, the Court stated that the defining circumstances in Quonset Hut were not only that the, plaintiff was on notice of a motion to dismiss, but had taken no action to correct its failure to comply with discovery, and there was no reason for the court to expect that one more warning would have prompted them to do so. Sazima, 86 Ohio St.3d at 156,712 N.E.2d at 733.
According to Sazima and Quonset Hut, the Ohio Supreme Court will recognize implied notice of a judge's intention to dismiss when a party is on notice that the opposing party has requested dismissal. The continued viability of Logsdon, at least on its facts, indicates that the failure to appear for a scheduled trial, standing alone, is insufficient to imply notice of an intent to dismiss the case with prejudice owing to that failure. The controlling issue is whether the party facing dismissal has been given an opportunity to explain its default and/or correct it. Sazima, supra.
This court has reached results similar to those of the Ohio Supreme Court, albeit with a slightly different analysis. The Ohio Supreme Court generally has viewed the Civ.R. 41(B)(1) notice requirement as applying to dismissals with prejudice. Sazima, 86 Ohio St.3d at 155,712 N.E.2d at 733 (citing Ohio Furniture Co. v. Mindala(1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883). This court has stated that it is reluctant to imply notice in circumstances that result in a dismissal with prejudice. Greene, supra. Moreover, even where this court has viewed the notice requirement as applying to all dismissals, it has stated that [d]ismissal with prejudice for nonappearance is a drastic remedy which should be used sparingly and in extreme situations. Willis,12 Ohio App.3d at 2, 465 N.E.2d at 926. The Willis court found that notice can be implied for a failure to appear at trial, and the failure can result in a dismissal with prejudice (somewhat contrary to the more recent Logsdon decision), but held that a judge first must consider less drastic remedies, including dismissal without prejudice. Id. A failure to consider less drastic alternatives is an abuse of discretion. Hudson v. Mt. Sinai Med. Ctr. (June 8, 1995), Cuyahoga App. No. 68217, unreported.
The record shows that Whitaker was not notified that failure to appear for scheduled trial would result in a dismissal with prejudice. The judge gave no such indication, and Yelsky made no such motion prior to the day of trial. Indeed, it appears that Yelsky intended to wait until July 29th and then move to dismiss knowing Whitaker was unable to appear, because Yelsky had not filed a witness list, exhibit list, or other documents indicating preparation for trial. Despite the fact that Yelsky's actions indicate his preexisting intent to move for dismissal, he did not inform the judge or Whitaker that he would make such motion at trial.
Neither does it appear that Whitaker's actions were so disrespectful or irresponsible that dismissal with prejudice was warranted. He had twice requested to be allowed to participate in pretrial conferences by telephone and, although his first request was filed after the scheduled conference, his second was timely, but apparently was disregarded by the judge. When he realized that he would be unable to appear for trial he attempted to have his case decided on summary judgment and requested leave to file that motion shortly before the scheduled trial. Although he has displayed a distinct lack of competence in prosecuting this action, Whitaker has not shown the type of deliberate disregard for court orders and rules that we have found necessary to sustain a dismissal with prejudice on implied notice. He should be allowed at least some opportunity to correct his failures before having his case finally dismissed.
Finally, the judge's attempt to characterize the trial as a non-jury action and justify the dismissal pursuant to Civ.R. 41(B)(2) is evidence that he did not consider whether Whitaker's conduct was so bad that dismissal with prejudice and without notice was required. Logsdondid not eliminate a judge's ability to imply notice and enter a dismissal with prejudice when a, plaintiff fails to appear for trial, but we do not find dismissal with prejudice appropriate here. Whitaker's first assignment of error is sustained in part. The order is modified to a dismissal without prejudice. Greene, supra.
Whitaker's second assignment of error states
 II. IT WAS ERROR AND HIGHLY PREJUDICIAL TO APPELLANT WHEN THE TRIAL COURT DENIED APPELLANT'S MOTION TO LEAVE TO FILE FOR SUMMARY JUDGMENT, THUS ROBBING APPELLANT OF HIS DUE PROCESS AND DAY IN COURT.
Civ.R. 56(A) requires a party to obtain leave of court before filing a summary judgment motion in an action that has been set for pretrial or trial. The decision to grant or deny leave is within the judge's discretion. Juergens v. Strang, Klubnik Assoc., Inc. (1994),96 Ohio App.3d 223, 234, 644 N.E.2d 1066, 1073. Whitaker's request for leave, unaccompanied by the motion itself, was filed on July 23, 1999, less than a week before trial and not accompanied by any request to continue the trial. It was not abuse of discretion to deny the motion. The second assignment of error is overruled.
Whitaker's third assignment of error states:
 III. THE TRIAL COURT PREJUDICIALLY AND IN BREACH OF ITS ESSENTIAL DUTY AS A FAIR AND UNBIAS (sic) TRIBUNAL, MISHANDLED THE CASE WITH NO INTENTIONS OF ALLOWING APPELLANT TO GET THE DUE PROCESS AND REDRESS AS GUARANTEED IN THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
We overrule this assignment of error to the extent it requests relief different from that granted pursuant to first assignment of error. Whitaker has not established any error other than the failure to give notice of an intention to dismiss his case with prejudice. He has not cited facts or legal authority to sustain any other finding of error in this assignment.
Whitaker's fourth assignment of error states:
 IV. THE TRIAL COURT TO THE PREJUDICE OF APPELLANT, WHEN IT ORDERED FOR AN EXPERT REPORT AND AFTER CONTACTING MANY, MANY LAWYERS AND LEGAL ORGANIZATIONS WHO DECLINED TO PERFECT THE EXPERT REPORT, WAS ERROR TO DENY APPELLANT'S REQUEST FOR APPOINTMENT OF EXPERT AT APPELLANT'S EXPENSE.
We find no authority allowing the appointment of an expert to render an opinion in a civil case alleging legal malpractice, much less requiring it. This assignment of error is overruled.
Yelsky's cross-assignment of error states:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF, DEFENDANT-APPELLEE, BY NOT GRANTING SUMMARY JUDGMENT BASED ON THE ONE-YEAR STATUTE OF LIMITATIONS SET FORTH IN R.C. 2305.11(A).
Yelsky claims that he is entitled to summary judgment because Whitaker's case was filed beyond the one-year statute of limitations for a legal malpractice action. R.C. 2305.11(A). We review the issue de novo, and will not grant summary judgment unless there is no dispute of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Druso v. Bank One of Columbus (1997),124 Ohio App.3d 125, 130-31, 705 N.E.2d 717, 720. Yelsky correctly asserts that the time within which to bring a malpractice action begins to run when the attorney-client relationship ended, because the record shows that Whitaker was aware of the alleged malpractice prior to the termination of the relationship. See, e.g., Zimmie v. Calfee, Halter, and Griswold (1989), 43 Ohio St.3d 54, 58, 538 N.E.2d 398, 401 (limitations period begins to run at later of occurrence of cognizable event or termination of relationship).
Yelsky claims that his professional relationship with Whitaker ended on June 18, 1997, when the Ohio Supreme Court declined jurisdiction over Whitaker's post-conviction relief appeal and attached an affidavit stating that he did no further work for Whitaker after that date. He did not state, however, that he informed Whitaker that their relationship was terminated as of that date, and although an attorney-client relationship does not continue indefinitely after the legal work ceases, there is a dispute of fact about whether the relationship here had in fact terminated on June 18, 1997, or continued through July 24, 1997, one year prior to Whitaker's July 24, 1998 filing date. Nothing in the record reveals that both parties were aware of and agreed to the termination of the relationship on the date of the Ohio Supreme Court's denial of jurisdiction over Whitaker's appeal. Moreover, the record shows that Whitaker attempted to file his complaint as early as June 10, 1998, with the delay due, at least in part, to Whitaker's failure to pay the filing fee, but it does not clearly disclose all the circumstances and relevant dates.
On the material presented we find disputes of fact concerning both the termination of the attorney-client relationship and the date on which Whitaker, a prison inmate, can be held to have filed his complaint. Yelsky is not entitled to summary judgment on the theory and record presented. We overrule Yelsky's cross-assignment of error.
Judgment modified to reflect a dismissal to be without prejudice, and affirm as modified.
It is ordered that the appellee recover from appellant his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., CONCUR; LEO M. SPELLACY, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING AND DISSENTING OPINION.
[1] Such as witness lists, exhibit lists, and proposed jury instructions, all mentioned in the judge's March 16, 1999 order as due at the time of the final pretrial.