DECISION AND JUDGMENT ENTRY
Jerry L. and Lisa A. Coppick appeal the Meigs County Common Pleas Court's judgment that dismissed their counterclaims against Nancy Jaspers with prejudice. The Coppicks assert that the trial court abused its discretion when it dismissed their counterclaims because dismissal is an extreme remedy and lesser sanctions were available. Because the Coppicks' attorney's conduct was not so egregious as to evince a complete disregard for the judicial system or Jaspers' rights, we agree. Accordingly, we reverse the judgment of the trial court.
 I.
Jaspers filed an action for the cancellation of a land installment contract and judgment for delinquent payments in the County Court of Meigs County. The Coppicks filed pro se counterclaims in excess of the jurisdictional limit of the County Court, and the case was transferred to the Meigs County Common Pleas Court.
On January 11, 2000, the trial court filed a scheduling entry that set the final pre-trial conference for May 22, 2000. The scheduling entry also provided that "[s]hould any attorney or party fail to comply with the direction set out in this Order, a hearing may be held immediately after any hearing and judgment of dismissal, default may be entered or other appropriate sanctions imposed."
The Coppicks retained counsel who entered an appearance on their behalf on March 8, 2000. However, neither the Coppicks nor their counsel appeared at the final pre-trial hearing on May 22, 2000. Therefore, by entry filed May 24, 2000, the trial court cancelled the land installment contract and dismissed all other pending claims.
The Coppicks filed their notice of appeal on June 22, 2000.[1] They assert in their sole assignment of error that the trial court erred and abused its discretion when it dismissed their counterclaims with prejudice.
 II.
Civ.R. 41(B)(1) provides, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Although this provision grants the trial court discretion to dismiss a case where the plaintiff fails to comply with a court order, the trial court must not abuse that discretion. An appellate court's review of a Civ.R. 41(B)(1) dismissal is confined to a determination of whether the trial court abused its discretion. Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91; In re Atkins
(1990), 67 Ohio App.3d 783, 787. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. State v.Adams (1980), 62 Ohio St.2d 151, 157. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161,169.
Our system of justice prefers to settle cases on their merits, and dismissal is a serious sanction not to be applied when other sanctions are available. Ohio Furniture Co. v. Mindala (1986), 22 Ohio St.3d 99;Pembaur, 1 Ohio St.3d at 91. A trial court should consider whether a reprimand, fine, declaration of contempt, or demand for new counsel better serves the best interest of justice by refraining from depriving the litigant of the opportunity to pursue his or her claim. Gooslin v.Fortado (1992), 80 Ohio App.3d 373, 376, citing Willis v. RCA Corp.
(1983), 12 Ohio App.3d 1, 2. Civ.R. 41(B)(1) dismissals "should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party."Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 70. Dismissal is appropriate where a party's conduct "is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal." Willis, supra; Schreiner v. Karson (1977),52 Ohio App.2d 219, 222-23.
In Conley v. Baltes (Nov. 12, 1986), Ross App. No. 1267, unreported, this court reviewed a Civ.R. 41(B)(1) dismissal where the attorney failed to attend a hearing which was scheduled before the attorney entered an appearance in the case. Notice of the hearing was in the court file and the plaintiff received notice of the hearing, but plaintiff's counsel did not. We reversed the dismissal, noting that "[w]hile it would have been prudent for counsel to review the court file immediately or to confer more closely with his client, we do not believe his failure to obey the Court order was the result of willful disobedience."
Likewise, in this case, the Coppicks had notice of the pre- trial hearing before their counsel entered an appearance in the case. While we do not condone counsel's failure to review the court file and learn the date of the hearing, we do not believe his failure justifies forever barring the Coppicks from having their day in court. In short, we do not believe the actions of the Coppicks or their counsel are "so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal." Conley, supra, citing Willis, supra.
Accordingly, we sustain the Coppicks' assignment of error and reverse the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.
 ________________________________ Roger L. Kline, Judge
[1] This case was reassigned from another judge to Judge Kline on February 7, 2001.