OPINION
{¶ 1} Plaintiff U.S. Bank National Association appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which dismissed its action brought against defendants Lucianno and Catherine Pellegrini for foreclosure of certain property in Delaware County, Ohio. Appellant assigns a single error to the trial court:
 {¶ 2} "THAT THE TRIAL COURT HEREIN ERRED WHEN IT DISMISSED THE COMPLAINT OF THE PLAINTIFF WITH PREJUDICE."
 {¶ 3} On June 7, 2002, appellant filed the complaint in foreclosure against appellees' property. It appears this was a re-filing of a previous complaint, although we do not have the record of the prior case before us. On October 21, 2002, the court granted partial summary judgment in favor of the appellant, but did not determine damages. The court later entered judgment on the issue of damages, but then vacated the judgment as to damages and set the matter for hearing. On November 19, 2004, the court filed a judgment entry which stated the parties had tentatively settled the matter, and directed the parties to submit a dismissal entry no later than Friday, January 14, or the court would dismiss the case with prejudice.
 {¶ 4} On February 1, 2005, the court found no dismissal entry had been tendered to the court as required by the November 19 judgment entry, and the court dismissed the case with prejudice.
 {¶ 5} In Jones v. Hartranft, 78 Ohio St. 3d 368, 1997-Ohio-203,678 N.E. 2d 530, the Ohio Supreme Court reviewed a dismissal with prejudice, and held: "A trial court does not abuse its discretion in dismissing a claim with prejudice under Civ. R. 41 (B)(1) when a plaintiff, who has had an objective reasonably amount of time for discovery, fails to proceed upon a scheduled trial date for want of evidence of the defendant's liability." Syllabus by the court.
 {¶ 6} In determining the court had not erred in dismissing the matter with prejudice, the Jones Court discussed the standard of review to apply in examining a dismissal with prejudice. The court noted the decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the court abused its discretion, Id. at 534. The court found the term "abuse of discretion" as it applies to a dismissal with prejudice for lack of prosecution implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion, Id.
 {¶ 7} The Jones court noted disposition of cases on their merits is favored in the law, and militates against dismissal with prejudice. Id. The Supreme Court cited its prior case of Toney v. Berkemer (1986),6 Ohio St. 3d 455, 453 N.E. 2d 700 wherein the court held a trial court should grant default judgment for failing to respond to discovery requests only when there is evidence of willfulness or bad faith on the part of the responding party. The court also cited the appellate cases ofSchreiner v. Karson (1977), 52 Ohio App. 2d 219, 369 N.E.2d 800 (which held a court should consider lesser sanctions before dismissing a case unless negligent, irresponsible, contumacious, or dilatory conduct supports a dismissal with prejudice), and Willis v. RCA Corporation
(1983), 12 Ohio App.3d 1, 465 N.E.2d 924 (dismissal for nonappearance at a pretrial conference should be used sparingly and only in extreme situations). The Jones court concluded even though reviewing courts espouse an ordinary abuse of discretion standard of review for dismissals with prejudice, the standard is actually heightened because such a decision forever denies a plaintiff a consideration of a case's merit,Jones at 372.
 {¶ 8} Other factors for consideration in a dismissal with prejudice include a drawn out history of litigation, failure to respond to interrogatories until threatened with dismissal, and other evidence a plaintiff is deliberately proceeding in a dilatory fashion or has done so in a previously filed and voluntarily dismissed action, Jones, citations deleted.
 {¶ 9} In Cincinnati Bar Association v. Fischer, 92 Ohio St. 3d 90,2001-Ohio-156, 748 N.E. 2d 1089, the Supreme Court cautioned that a dismissal with prejudice for failure to prosecute cannot be based upon failure to produce a witness at a hearing where the disciplinary panel changes the location of the hearing and refuses requests from both parties to vacate the order. The court held not every instance of failure to produce a witness equates to a failure to prosecute, Fischer
at 91-92.
 {¶ 10} We find the case law indicates each case must be reviewed on its particular facts and circumstances.
 {¶ 11} The record before us does not reveal bad faith, irresponsible or deliberately dilatory behavior or any other factor courts have considered proper grounds for the most severe sanction. It does not appear the court considered lesser sanctions. In addition, we note the failure to submit a voluntary dismissal based upon a settlement may involve actions by either or both parties, and one party cannot unilaterally settle a case. An added factor for consideration in the case at bar is the fact the court had previously entered partial summary judgment on the issue of liability, and needed only to assess damages before the matter could proceed to a foreclosure sale.
 {¶ 12} We find upon the particular facts and circumstances of this case, the trial court abused its discretion in not considering a lesser sanction or inquiring further into the matter. The assignment of error is sustained.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellees.