[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 368.]

JONES, APPELLEE, v. HARTRANFT ET AL., APPELLANTS.

[Cite as *Jones v. Hartranft*, 1997-Ohio-203.]

*Civil procedure—Trial court does not abuse its discretion in dismissing a claim with prejudice under Civ.R. 41(B)(1), when.*

(No. 95-2497—Submitted January 22, 1997—Decided May 14, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 95APE02-139.

_____

A trial court does not abuse its discretion in dismissing a claim with prejudice under Civ.R.41(B)(1) when a plaintiff, who has had an objectively reasonable amount of time for discovery, fails to proceed upon a scheduled trial date for want of evidence of defendant's liability.

_____

{¶ 1} In May 1991, appellee, Emmanuel Jones, filed a complaint in the Court of Common Pleas of Franklin County alleging injuries beginning in 1977 as the result of the negligence of appellants, Thomas H. Hartranft, M.D., Mount Carmel Health, and Mount Carmel Medical Clinic. Jones dismissed the complaint without prejudice on October 21, 1992.

{¶ 2} Jones refiled the complaint one year later. On the day he refiled, the clerk of court prepared a case schedule, setting a trial date for two years thence. Some two weeks later, however, the court filed a case scheduling order which reset the trial date for *one* year from the complaint refiling date.

{¶ 3} Thereafter, during discovery, appellants served interrogatories, to which Jones failed to respond despite several written requests from appellants. Eventually, the trial court granted appellants' motion to compel Jones to answer the interrogatories, and, as a result, Jones finally answered the interrogatories some five months after they had been served.

**{¶ 4}** In those answers, Jones asserted that Dr. Hartranft had performed an unnecessary colostomy on him. With regard to experts supporting his claim, Jones answered that he intended to call Ian C. Lavery, M.D., the surgeon who had performed corrective surgery, and "additional [expert] witnesses to be identified sufficiently prior to trial to allow for discovery depositions to be taken." Jones stated that he believed Dr. Lavery was a "general surgeon" and that he expected to retain another expert "qualified to testify as to the standard of care in surgery as performed by Dr. Hartranft."

**{¶ 5}** According to the case scheduling order, the parties were to make a supplemental disclosure of witnesses by May 5, 1994. In June and again in July, according to appellants, they requested the names of Jones's additional witnesses in order to take their depositions. Jones neither responded to appellants' requests nor filed a disclosure of witnesses as ordered by the court.

**{¶ 6}** Two weeks prior to the October 1994 trial, Hartranft moved for a continuance and proposed several dates that he would be available for trial. Jones did not respond to the motion. The court rescheduled the trial for Monday, December 12, 1994, the first of the dates proposed by Hartranft.

**{¶ 7}** On the Friday before the start of trial, while the judge assigned to the case was away, Jones moved to reschedule trial "no sooner than March 20, 1995," indicating that such date "would be within the standard two year limit for trying medical malpractice cases." Jones stated in his motion that his "counsel, because of the lapse of many years, has had difficulty arranging testimony of necessary expert witnesses in this case and is unable to have the case prepared for trial as currently scheduled." Jones acknowledged that if the court denied a continuance, it "would be in a position to dismiss the case with, or without, prejudice."

**{¶ 8}** On the morning scheduled for trial, the court held an off-record discussion with counsel and then conducted a hearing for the purpose of recording portions of that discussion. Jones's counsel stated that he was prepared to discuss

the continuance but was not prepared to go forward with the trial. Jones was not present, and his counsel had neither prepared nor subpoenaed any witnesses. Counsel stated that he had voluntarily dismissed Jones's first complaint against appellants because of the complexity of the issues, because of the lengthy time lapse between the date of surgery and the time of suit, and because he was "not prepared to go forward * * * and to respond adequately to discovery" during the pendency of the first complaint. Counsel conceded that, after refiling the complaint, he had "intermittent contact" with Dr. Lavery and concluded that Dr. Lavery might not be "prepared to testify as to the standard of care as an expert" and that he would need to secure an additional expert witness. Counsel acknowledged that he had failed to respond to inquiries from appellants' counsel on several occasions, and that all counsel were aware that Jones could not proceed to trial without an expert witness.

{¶ 9} Jones's counsel acknowledged that he had intended to respond to appellants' motion for a continuance of the October 1994 trial date in order to request a 1995 trial date, but the court set the December 1994 date before he responded. He admitted that he did not then move for a further continuance, even though he knew he was not prepared to go to trial without an expert witness, and conceded, "That's neglect on my part for which there is probably no adequate excuse."

{¶ 10} The court observed that Jones's initial complaint had been pending for over one year and that Jones had moved to voluntarily dismiss that complaint because he did not have an expert witness. The refiled case had been pending for over thirteen months when Jones moved for a continuance. The court noted that Jones was not asking for a continuance because his expert witness was not *available* to testify but because he did not *have* an expert witness. The court also noted that appellants had invested a significant amount of money in preparing the case for trial as scheduled and that the court had instructed the parties, "If you could enter into

some type of agreement * * * with respect to this matter, I would go along with it within reason." The parties could not reach an agreement.

{¶ 11} At the conclusion of the hearing, the court denied Jones's motion for a continuance. The court stated that it was generally liberal upon a party's first request for a continuance made with advance notice but added, "The day of trial is not, to me, in advance." Jones's counsel reiterated that he was "not prepared to go forward with any evidence," whereupon the court announced it was dismissing the action "under Rule 41 for failure to prosecute." The court later entered an order dismissing the action "[a]s a result of the plaintiff's failure to proceed."[1]

{¶ 12} The Tenth District Court of Appeals reversed and remanded for further proceedings, ruling that "a trial court abuses its discretion in dismissing a case with prejudice under Civ.R. 41(B)(1) if the circumstances precipitating the termination were not extreme or if other less drastic alternatives were not considered." The appellate court concluded that the trial court had abused its discretion in dismissing Jones's case with prejudice because (1) the court had failed to follow a local rule in initially amending the case schedule, (2) it had permitted appellants to determine whether Jones's motion for continuance would be granted, and (3) it had not considered a lesser sanction for counsel's "dilatory" trial preparations.

---

1. Jones moved the court to "reconsider and vacate its dismissal for want of prosecution in this case and to grant a continuance as previously requested or in the alternative to specifically dismiss the case without prejudice." Counsel emphasized by affidavit attached to the motion that the court had deferred to appellants in denying a continuance and that appellants had not been willing to agree to a continuance under any circumstances.

Jones's motion was not properly before the trial court. It is not styled as a Civ.R. 60(B) motion, nor does it appear to satisfy any of the requirements of that rule. The Civil Rules do not recognize a motion to reconsider. The trial court neither requested nor permitted the parties to submit additional evidence regarding a continuance after it announced at the hearing its decision to dismiss. Even if Jones's motion were properly before the court, the motion and affidavit do little more than attempt a stronger rendition of discussions recorded at the hearing.

**{¶ 13}** This cause is now before the court pursuant to the allowance of a discretionary appeal.

———————————

*Randall W. Pees*, for appellee.

*Earl, Warburton, Adams & Davis*, *Ted L. Earl* and *Christopher R. Walsh,* for appellants.

———————————

**COOK, J.**

**{¶ 14}** With this case we hold that a trial court does not abuse its discretion in dismissing a claim with prejudice under Civ.R. 41(B)(1) when a plaintiff, who has had an objectively reasonable amount of time for discovery, fails to proceed upon a scheduled trial date for want of evidence of defendant's liability.

### DISMISSAL UNDER CIV. R. 41(B)(1)

**{¶ 15}** Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, * * * the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."[2] A dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Civ.R. 41(B)(3).

**{¶ 16}** The decision to dismiss a complaint for failure to prosecute is within the sound discretion of the trial court, and an appellate court's review of such a dismissal is confined solely to the question of whether the trial court abused its discretion. *Pembaur v. Leis* (1982), 1 Ohio St.3d 89, 91, 1 OBR 125, 126-127, 437 N.E.2d 1199, 1201. The term "abuse of discretion" as it applies to a dismissal with prejudice for lack of prosecution "implies an unreasonable, arbitrary or unconscionable attitude on the part of the court in granting such motion." *Id.*

———————————

2. Jones did not argue before the lower courts that he was not provided the required notice under Civ.R. 41(B)(1).

**{¶ 17}** One of the considerations militating against dismissal with prejudice is the tenet that disposition of cases on their merits is favored in the law. See *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944. That precept has spawned decisions that curtail a trial court's discretion to dismiss. See *Toney v. Berkemer* (1983), 6 Ohio St.3d 455, 6 OBR 496, 453 N.E.2d 700, syllabus (court should grant default judgment for failing to respond to discovery requests only where there is evidence of willfulness or bad faith on the part of responding party); *Schreiner v Karson* (1977), 52 Ohio App.2d 219, 6 O.O.3d 237, 369 N.E.2d 800, paragraph two of syllabus (court should consider lesser sanctions before dismissing a case unless negligent, irresponsible, contumacious, or dilatory conduct supports dismissal with prejudice); *Willis v RCA Corp.* (1983), 12 Ohio App.3d 1, 2, 12 OBR 57, 59, 465 N.E.2d 924, 926 (dismissal with prejudice for nonappearance at a pretrial conference should be used sparingly and only in extreme situations). Thus, although reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.

**{¶ 18}** Proper factors for consideration in a Civ.R. 41(B)(1) dismissal with prejudice include the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in dilatory fashion or has done so in a previously filed, and voluntarily dismissed, action. See *Link v. Wabash RR. Co.* (1962), 370 U.S. 626, 633-635, 82 S.Ct 1386, 1390-1391, 8 L.Ed.2d 734, 740-741; *Indus. Risk Insurers v. Lorenz Equip. Co.* (1994), 69 Ohio St.3d 576, 635 N.E.2d 14, syllabus.

**{¶ 19}** Here, Jones's first complaint had been pending for nearly a year and a half before he voluntarily dismissed it for lack of an expert witness. After the *refiled* case was pending for over a year, Jones still had no legal support for his

claim that Hartranft breached the standard of care some seventeen years earlier. As the trial court observed at the hearing, Jones was not asking for a continuance because his expert witness was not *available* to testify but because he did not *have* an expert witness. Jones astutely does not argue that the trial court, on that basis, abused its discretion in not granting his motion for a continuance. Rather, he argues that the dismissal ought to have been without prejudice. Given the history of the case, however, the trial court could reasonably have concluded that Jones simply could not establish within a reasonable time a prima facie case of malpractice.

{¶ 20} The trial court did not abuse its discretion by its dismissal with prejudice. Jones's dilatory conduct in responding to discovery may not have met the heightened discretion standard for dismissals with prejudice. His failure to proceed on the scheduled trial date due to an admitted lack of liability evidence, however, sufficed on its own to meet the heightened standard. Neither a monetary sanction nor a further continuance could have addressed the problem of a dearth of evidence of liability on the scheduled trial date. Jones's dilatory conduct during discovery provided additional but unnecessary support for that decision. Orderly and timely administration of justice requires that courts exercise the power to dismiss cases where appropriate.

OTHER ISSUES ADDRESSED BY THE COURT OF APPEALS

{¶ 21} The decision of the trial court to place this case on a twelve-month, instead of a twenty-four-month, case track is inconsequential to the issue whether the court abused its discretion in ultimately dismissing for failure to prosecute. Loc.R. 45.01 of the Court of Common Pleas of Franklin County, General Division, sets forth a procedure to be followed by a party wishing to modify an assigned trial date. Jones had over a year from the time that the trial date was set in this case in which to move to reschedule. He did not.

{¶ 22} Similarly, Jones's claim and the appellate court's finding that the trial court permitted the defendants to determine his motion for continuance are not

supported by the record. The record as a whole establishes that the trial court made its own decision to dismiss with prejudice unless the parties could arrive at "some type of agreement," in which event the court "would go along with it within reason."

## CONCLUSION

**{¶ 23}** Because the trial court did not abuse its discretion in dismissing with prejudice, we reverse the court of appeals and reinstate the trial court's order dismissing the case pursuant to Civ.R. 41(B) for failure to prosecute.

*Judgment reversed.*

MOYER, C.J., PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

————————————