DECISION AND JUDGMENT ENTRY
{¶ 1} William Stephens appeals the Portsmouth Municipal Court's dismissal of his complaint, with prejudice, for failure to prosecute pursuant to Civ.R. 41(B). Stephens contends that the dismissal constitutes an abuse of discretion because there were less severe actions the trial court could have taken. Under the circumstances in this case, because Stephens had an objectively reasonable amount of time to prepare for trial, we find that the trial court did not err in dismissing his complaint with prejudice. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Stephens and Baker were involved in an automobile accident in 1997. Stephens obtained treatment from a chiropractor, Dr. Ronald Hoover of Portsmouth Chiropractic, for his injuries. Stephens filed suit against Baker on September 21, 1998. He then dismissed the case on July 21, 1999. On January 27, 2000, Stephens re-filed his complaint against Baker.
 {¶ 3} The court set the case for trial on four dates that are relevant to this appeal: June 27, 2001, March 19, 2002, April 18, 2002, and July 23, 2002.
 {¶ 4} On June 26, 2001, the day before the first scheduled trial date, Stephens filed a motion to continue due to the fact that his expert, Dr. Hoover, was unable to testify. Specifically, Stephens explained that Dr. Hoover was no longer affiliated with Portsmouth Chiropractic and had no access to Stephens's client file. Stephens did not offer the court any explanation as to why he waited until the day before trial to discover or share this information.
 {¶ 5} On March 18, 2002, the day before the second scheduled trial date, Stephens requested a continuance. Stephens based his request upon his counsel's illness. The trial court granted the continuance, but stated in its entry that the court would not entertain any further motions for continuance from Stephens. The court stated that it would dismiss the case if it did not proceed to trial on April 18, 2002.
 {¶ 6} On April 12, 2002, Baker requested a continuance due to the fact that one of her witnesses, Officer Timberlake of the Portsmouth Police Department, would be in Florida on vacation on April 18, 2002. The trial court granted Baker's motion for a continuance and rescheduled the trial for July 23, 2002.
 {¶ 7} On July 22, 2002, the day prior to the fourth scheduled trial date, Stephens filed a motion for a continuance based upon his inability to produce Dr. Hoover to testify on the following day. In the motion, Stephens stated that he would be unable to prove his injuries and damages without the testimony of Dr. Hoover.
 {¶ 8} Before the trial court ruled on Stephen's request for a continuance, Baker filed a motion to dismiss for failure to prosecute. The trial court granted Baker's motion, and dismissed the case with prejudice pursuant to Civ.R. 41(B). Stephens appeals, asserting the following assignment of error: "The trial court committed reversible error and abused its discretion by entering a dismissal pursuant to Civil Rule 41(B) on defendant-appellee's motion to dismiss for failure to prosecute, and implicit therein, overruling the plaintiff-appellant's motion to continue the jury trial."
 II. {¶ 9} Civ.R. 41(B)(1) provides that, upon motion of a defendant or upon its own motion, the court may dismiss an action when the plaintiff has failed to prosecute an action. The decision to dismiss a complaint for failure to prosecute under Civ.R. 41(B)(1) is a matter within the trial court's discretion, and we will not reverse absent an abuse of that discretion. Jones v. Hartranft, 78 Ohio St.3d 368, 371, 1997-Ohio-203. An abuse of discretion implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. Id., citing Pembaur v. Leis (1982),1 Ohio St.3d 89, 91. "A trial court does not abuse its discretion in dismissing a claim with prejudice under Civ.R. 41(B)(1) when a plaintiff, who has had an objectively reasonable amount of time for discovery, fails to proceed upon a scheduled trial date for want of evidence of defendant's liability." Jones at syllabus.
 {¶ 10} In Jones, the trial court dismissed the complaint, noting that the original action was pending for over a year before the plaintiff dismissed it, that plaintiff had ample time to secure expert testimony prior to the trial date in the second action, and that the plaintiff waited until the day prior to trial to request a continuance. The plaintiff stated that he needed a continuance because he was unable to arrange for the testimony of his necessary expert witnesses at trial. The court of appeals reversed the trial court's order of dismissal, but the Supreme Court of Ohio reversed the appellate court and reinstated the dismissal. The Court found that the trial court did not abuse its discretion in dismissing when the plaintiff was unable to present the expert testimony necessary to prove his case.
 {¶ 11} As in Jones, Stephens's original complaint was pending for over a year before he dismissed it without prejudice. From the filing of his second complaint to the last scheduled trial date, Stephens had over two years to secure the testimony of an expert witness to prove that he sustained injuries in the automobile accident. Like the plaintiff inJones, Stephens waited until the day before the trial to seek a continuance. Additionally, Stephens waited until the day prior to trial to seek continuances on two previous occasions.
 {¶ 12} Stephens's justification for seeking a continuance on two of three instances was his inability to produce necessary expert testimony. Stephens did not offer an adequate explanation for his delay in seeking a continuance until the eve of trial in either instance. Moreover, when the trial court granted Stephens's second continuance, it gave him notice that it would not grant a third. Stephens's repeated last-minute delays caused inconveniences and preparation costs to the court and to Baker.
 {¶ 13} Upon review, we cannot say that dismissing Stephens's complaint constituted an abuse of discretion, particularly after the trial court had given Stephens notice of its intent to dismiss in the event of a third request for a continuance. Accordingly, we overrule Stephens's sole assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Portsmouth Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, J. and Harsha, J.: Concur in Judgment and Opinion.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.