JOURNAL ENTRY AND OPINION
{¶ 1} Loren and Karen Straka appeal from an order of the trial court which struck their brief in opposition to defendant Kenneth Fisler's motion to dismiss and granted the dismissal. We reverse and remand.
 {¶ 2} In November 2004, the Strakas filed suit against Kenneth Fisler ("Fisler") seeking to recover the unpaid balance of a promissory note signed on July 10, 1989. On January 7, 2005, Fisler moved to dismiss the case, claiming an expiration of the applicable statute of limitation. Thereafter, the case, and the supporting docket, were complicated.
 {¶ 3} On January 18, 2005, the Strakas moved for an extension of time through January 28, 2005, because of counsel's involvement in other matters. The extension was not opposed. On January 26, 2005, the Strakas' counsel received a phone call from the court's staff attorney questioning whether a response to the motion to dismiss was forthcoming. Counsel, after advising of the docketed January 18, 2005 motion for leave, immediately filed the brief in opposition on January 26, 2005.
 {¶ 4} In a series of journal entries, the trial court struck the Strakas' brief in opposition as untimely and without leave, granted Fisler's motion to dismiss with prejudice, and entered an additional order denying that any filings on January 18, 2005, requesting an extension of time appeared on the docket. The Strakas appealed to this Court, and simultaneously filed a motion for reconsideration in the trial Court.
 {¶ 5} While jurisdiction was vested with this Court, on March 21, 2005, the trial court granted the motion for reconsideration. As no such animal exists, see Pitts v. Ohio Department of Transportation (1981)67 Ohio St.2d 378, this Court then attempted to clarify the docket and remanded the case for the sole purpose of allowing the parties to properly file a Civ. R. 60(B). Such a motion would then allow the trial court to grant what in essence had already been previously granted, i.e., the motion to reconsider the dismissal.
 {¶ 6} Pursuant to this Court's remand, the Strakas filed a Civ. R. 60(B) motion. The trial court denied this motion and found that: "The docket clearly states that the court granted their [sic] motion to dismiss and considered the brief in opposition; the docket also clearly states the court considered the pleadings and ruled on the law." (Journal Entry, July 25, 2005).
 {¶ 7} As no prior journal entries reflected the trial court's consideration of the brief in opposition, the court issued a clarification of its original statement, and on August 1, 2005, the trial court found that:
"For purposes of clarification, this Court clearly considered the brief in opposition when it granted the plaintiff [sic] motion to reconsider. Therefore, since the court did consider the brief, the motion for relief is moot. The matter is therefore returned to the Court of Appeals."
 {¶ 8} Following this limited remand, this Court is now procedurally able to address the Strakas' original appeal which contends that:
"I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO DISMISS SINCE PLAINTIFF PROPERLY BROUGHT THEIR CLAIM FOR PAYMENT OF DEFENDANT'S WRITTEN PROMISSORY NOTE WITHIN 15 YEARS OF WHEN DEFENDANT LAST MADE PAYMENT ON THE PROMISSORY NOTE, PURSUANT TO R.C. 2305.08 AND R.C. 2305.06.
II. THE TRIAL COURT ABUSED ITS DISCRETION BY STRIKING PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS."
 {¶ 9} Although the Strakas appeal both their stricken brief in opposition and the grant of Fisler's motion to dismiss, we find their second assignment of error dispositive.
 {¶ 10} Because a dismissal with prejudice forever bars a plaintiff review of the merits of his claim, appellate "abuse of discretion" review is heightened when reviewing decisions that forever deny a review of a claim's merits. Jones v. Hartranft 78 Ohio St.3d 368, 372, 1997-Ohio-203. However, the action of the trial court will be affirmed when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc.v. Midwestern Indem. Co. (1992), 65 Ohio St.3d 621, 632.
 {¶ 11} Fisler's motion to dismiss was served, via mail, on January 7, 2005. Under the mandates of Civ. R. 6(D) and (E), the Strakas had to file a response by January 18, 2005.[1] On January 18, 2005, the Strakas filed a motion for extension of time due to counsel's involvement in other matters. Defense counsel did not object to the extension. The Strakas then filed their brief in opposition to Fisler's motion to dismiss on January 26, 2005, a date prior to that which was originally requested.
 {¶ 12} In striking the brief in opposition, the court noted that it was filed after the motion's due date and without leave. Since the motion for an extension of time was, in fact, timely filed, and the brief in opposition was filed prior to the expiration of the leave, no additional leave of court was required. It was therefore error to strike the brief on these grounds.
 {¶ 13} We reverse the order of the trial court and remand with instructions for the court to consider the Strakas' brief in opposition to Fisler's motion to dismiss when ruling on the motion to dismiss. Although the trial court notes in its August 1, 2005 entry that it fully considered the brief in opposition when it granted the motion to reconsider, it is nonetheless necessary to follow the procedural mandates of the Civil Rules and allow the trial court to enter an order properly disposing of the motion to dismiss due to the procedural nonexistence of a motion to reconsider.
 {¶ 14} This case is remanded to the trial court for proceedings consistent with this opinion.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and McMonagle, J. concur.
[1] We note the normal response date of January 17, 2005, was delayed one day because of the observance of the Martin Luther King Day holiday on January 17, 2005.