OPINION
{¶ 1} Plaintiff, Charles Harden, appeals from an order entered pursuant to Civ.R. 41(B)(1), dismissing Harden's action against Defendant, Andrew Clark, for Harden's failure to prosecute.
 {¶ 2} On January 9, 2003, Harden committed an armed robbery at River Valley Credit Union in West Carrollton. *Page 2 
Harden fled the scene in a white Chevrolet with another armed robber. The police pursued the armed robbers in what turned out to be a high speed chase. The pursuit began in West Carrollton and proceeded into Dayton.
 {¶ 3} Clark was a police officer for the City of Dayton and was on duty on January 9, 2003. Clark received a broadcast that the two armed bank robbers were traveling toward James H. McGee Boulevard. Clark proceeded to the location and saw the robbers' vehicle heading toward him, traveling into oncoming traffic. Clark and another police officer pursued the vehicle. Harden's vehicle subsequently struck a pole and came to a stop. One of the police cruisers had a video system that recorded portions of the pursuit and apprehension.
 {¶ 4} Harden claimed that he exited the vehicle through the passenger window and laid face down on the ground with his hands up to surrender. He claimed that Clark then struck him in the head and/or ear. Clark disagreed and claimed that Harden exited the car through the window and tried to flee, but fell to the ground. Clark then approached Harden with his gun in his left hand and got on top of Harden to put handcuffs on him. After Clark handcuffed Harden, he holstered his gun.
 {¶ 5} The bank robbery resulted in federal criminal *Page 3 
charges against Harden, who entered into a plea agreement with the United States. Harden pled guilty to use of a firearm during a crime of violence and received a 15-year prison sentence. Harden is currently incarcerated in a federal prison in Pennsylvania.
 {¶ 6} On January 6, 2005, Harden commenced an action (Case No. 05-CV-0122) against Clark and the City of Dayton, alleging a 42 U.S.C _ 1983 excessive force violation and a 42 U.S.C. _ 1983 substantive due process violation. Harden was represented by an attorney. The City of Dayton was dismissed from the action. Harden filed a notice of voluntary dismissal of his action against Clark pursuant to Civ.R. 41(A)(1)(a) on February 23, 2006.
 {¶ 7} On March 31, 2006, Harden commenced a second action against Clark and the City of Dayton, pro se, alleging similar violations of his constitutional rights. Clark and the City of Dayton filed answers to Harden's complaint. Harden voluntarily dismissed the City of Dayton from the action.
 {¶ 8} On May 31, 2006, Harden filed a motion to compel certain discovery he had requested from Clark. Clark responded that he did not have possession or control of the discovery Harden sought. It appears that the trial court did *Page 4 
not rule on Harden's motion.
 {¶ 9} On July 21, 2006, the trial court issued an order (Dkt. #14, 15), setting a final pretrial conference for January 10, 2007, and a jury trial to begin on January 22, 2007. The following paragraph appears on page three of the order:
"FINAL PRETRIAL CONFERENCE
 {¶ 10} "This case is scheduled for final chambers pretrial conference on January 10, 2007 at 10:00 a.m.
 {¶ 11} "FAILURE TO APPEAR AT THE FINAL PRETRIAL CONFERENCE OR TRIAL OR FAILURE TO HAVE A WELL INFORMED SUBSTITUTE AVAILABLE, WILL RESULT IN DISMISSAL OF THE CASE FOR FAILURE TO PROSECUTE UNDER OHIO R. CIV. P. 41(B)(1). COUNSEL MAY ALSO BE SUBJECT TO OTHER APPROPRIATE SANCTIONS."
 {¶ 12} On August 16, 2006, Harden filed a motion requesting the trial court to compel the City of Dayton to provide Harden with discovery. The City of Dayton opposed Harden's motion on the basis that the discovery Harden sought had been provided to Harden's attorney in Harden's previous action (Case No. 05-CV-0122). It appears that the trial court did not rule on Harden's motion.
 {¶ 13} Clark filed a motion for summary judgment on October 18, 2006. Harden filed a memorandum in opposition to the *Page 5 
motion. It appears that the trial court did not rule on Clark's motion for summary judgment.
 {¶ 14} On December 27, 2006, Harden requested a continuance of the trial date because he had not received the discovery that he sought. He also sought appointment of counsel. On January 9, 2007, Harden filed a motion for appointment of counsel. Among other things, Harden notified the trial court that he would not be able to attend the final pretrial conference or the jury trial because he is in prison and does not have an attorney. Harden stated that he needed an attorney to represent him at the final pretrial conference and to obtain necessary discovery. It appears that the trial court did not rule on Harden's requests for a continuance and appointment of counsel.
 {¶ 15} Harden failed to appear at the final pretrial conference. On January 22, 2007, the trial court dismissed Harden's action pursuant to Civ.R. 41(B)(1) for failure to prosecute. Harden filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 16} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED MY ACTION WHILE I AM A PRO SE INCARCERATED PLAINTIFF SERVING AN OUT OF STATE PRISON TERM."
 SECOND ASSIGNMENT OF ERROR *Page 6 
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED MY CIVIL COMPLAINT FOR FAILURE TO PROSECUTE WHILE I STILL HAD A MOTION FOR APPOINTMENT OF COUNSEL PENDING."
THIRD ASSIGNMENT OF ERROR
 {¶ 18} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISMISSED MY CIVIL COMPLAINT FOR FAILURE TO PROSECUTE WHEN MY REQUEST FOR DISCOVERY HAS NOT BEEN FULFILLED."
 {¶ 19} In its January 22, 2007 dismissal entry, the trial court found that:
 {¶ 20} "On January 10, 2007, this matter came before this Court for Final Pretrial Conference, pursuant to the Court's Amended Final Pretrial Order of July 21, 2006. The Plaintiff failed to appear for the Final Pretrial Conference after receiving notification thereof and after being advised in the Pretrial Order of the consequences of failing to appear.
 {¶ 21} "On the record, counsel for Defendant Andrew Clark moved to dismiss Plaintiff's Complaint. Plaintiff had filed the Complaint that is the subject matter of this case previously in this Court under case number 2005-CV-0122. Plaintiff voluntarily dismissed that earlier complaint and later re-filed it under the above referenced case number.
 {¶ 22} "Therefore, because Plaintiff failed to appear at the scheduled pretrial, this Court hereby dismisses this case *Page 7 
for failure of Plaintiff to prosecute, pursuant to Ohio R. Civ. P. 41(B)(1) and Mont. Co. C.P.R. 2.15(II)(A) (C)." (Docket #28).
 {¶ 23} Civ.R. 41(B)(1) authorizes a trial court to dismiss an action for the plaintiff's failure to prosecute. If a party fails to appear on a date set for a hearing, the failure may constitute grounds for dismissal under Civ.R. 41(B)(1). Allstate Ins. Co. v. Rule (1980), 64 Ohio St.2d 67, 69.
 {¶ 24} The decision to dismiss an action pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court. Jones v.Hartranft, 78 Ohio St.3d 368, 371, 1997-Ohio-203. Appellate review of a dismissal under Civ.R. 41(B)(1) is limited to determining whether the trial court abused its discretion. Id. "The term `abuse of discretion'connotes more than an error of law or judgment; it implies that thecourt's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219 (citationsomitted).
 {¶ 25} While acknowledging the impediment Harden's federal incarceration presents, Clark argues that Harden could have sought a release pursuant to 28 U.S.C. § 2241(c)(5), which authorizes release of a federal prisoner on a writ of habeas corpus for the limited purpose of appearing or testifying at a trial. Clark argues that because Harden failed to seek a *Page 8 
writ, Harden's failure to appear is chargeable to him.
 {¶ 26} Clark also argues that the trial court was justified in dismissing Harden's action because Harden had not identified any medical witnesses who could opine that Harden suffered the physical injuries alleged in his complaint. We agree that portends an adverse outcome for Harden on the merits of his claim. However, the merits of his claim for relief were never decided.
 {¶ 27} In Laguta v. Serieko (1988), 48 Ohio App.3d 266, 267, the Ninth District cautioned trial courts regarding the use of Civ.R. 41(B)(1) to dismiss actions involving pro se litigants who are incarcerated:
 {¶ 28} "In situations where, as here, the plaintiff is unrepresented by counsel and incarcerated, the federal courts have ruled that trial courts should pursue avenues other than dismissal for want of prosecution in order to ensure that those claims so deserving be adjudicated on their merits. Poole v. Lambert (C.A. 11, 1987),819 F.2d 1025; Palmer v. Decatur (C.A. 7, 1987), 814 F.2d 426; Reynolds v.Foree (C.A. 8, 1985), 771 F.2d 1179; Sisk v. United States (C.A. 7, 1985), 756 F.2d 497; Holt v. Pitts (C.A. 6, 1980), 619 F.2d 558;Heidelberg v. Hammer (C.A. 7, 1978), 577 F.2d 429. If the risks and expense involved in transporting the prisoner to the *Page 9 
courthouse are prohibitive, these courts have suggested a number of other alternatives to dismissal including a bench trial in the prison, trial by depositions, appointment of pro bono counsel to assist the plaintiff, postponement of proceeding if the plaintiff's release is imminent, or dismissal without prejudice leaving open the possibility of the plaintiff's refiling his case at a later date.
 {¶ 29} "We too recognize that civil actions filed by pro se prisoners provide peculiar problems to our already overburdened trial courts. We therefore borrow from our federal counterpart in urging trial courts to be `imaginative and innovative' in dealing with such cases. Poole,supra, at 1029. It must always be kept in mind that the main objective of justice is to decide cases on their merits. See Perotti, supra,7 Ohio St.3d at 3-4, 7 OBR at 258, 454 N.E.2d at 953 (C. Brown, J., concurring). Thus, the trial court must consider whether lesser sanctions would best serve this interest. Dukes v. Cole (1985),23 Ohio App.3d 65, 23 OBR 110, 491 N.E.2d 374."
 {¶ 30} We share the Ninth District's concerns, and agree that a dismissal under Civ.R. 41(B)(1) for failure to prosecute should be a last resort in a case like the one before us. Harden had requested discovery, appointment of *Page 10 
counsel, and continuances on multiple occasions. The trial court did not rule on these requests. Although Harden does not have a constitutional right to counsel in a civil proceeding, the trial court could have considered the appointment of pro bono counsel. Freeman v.Kimble-Freeman (Nov. 29, 2001), Cuyahoga App. No. 79287. Such counsel could guide Harden through the process of filing a writ of habeas corpus ad testificandum to request the court's permission to appear in person at the civil proceedings. Brown v. Brown, Mahoning App. No. 02 CA 77, 2003-Ohio-4878, _14, citing In re Colburn (1987), 30 Ohio St.3d 141,142.
 {¶ 31} At a minimum, prior to invoking the harsh sanction of dismissal under Civ.R. 41(B)(1), the trial court should have considered alternative, less punitive ways to address the logistical problems associated with a pro se litigant who is incarcerated in an out-of-state prison. Although an incarcerated litigant has no absolute right to be present for civil litigation, the trial court has many options it may explore before it arbitrarily dismisses an action for failure of an incarcerated litigant to appear. In re Hall (1999), 135 Ohio App.3d 1,6, citing Drescher v. Summers (1986), 30 Ohio App.3d 271. The record does not reflect that the trial court explored such options prior to dismissing Harden's action. *Page 11 
Therefore, we find that the trial court abused its discretion in dismissing Harden's action for failure to prosecute based solely on Harden's failure to appear.
 {¶ 32} In reaching this conclusion, we express no opinion concerning the merits of Harden's alleged violation of his civil rights or the truth of the facts he alleged in his complaint. However, we are also mindful that courts regularly tell persons who claim their constitutional rights were violated in the course of an arrest that their available avenue of relief is a civil rights action. It would be more than ironic that such an action is then dismissed because an incarcerated pro se plaintiff fails to appear, when no alternative to his personal appearance has been explored.
 {¶ 33} The assignments of error are sustained. The judgment of the trial court will be reversed and the cause remanded for further proceedings consistent with this opinion.
WOLFF, P.J. and BROGAN, J., concur. *Page 1