JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Kenneth Walsh, pro se, appeals the judgment of the Cuyahoga County Common Pleas Court that dismissed his petition to revive judgment. For the reasons stated herein, we reverse the decision of the trial court and remand the matter for further proceedings.
 {¶ 3} This action arises from a petition to revive judgment. In Ohio, a judgment that is not executed upon within five years after its issuance becomes dormant and is no longer a valid judgment. R.C. 2329.07. A party may revive a dormant judgment by seeking an order of the court that issued the judgment. R.C. 2325.15.
 {¶ 4} Walsh filed a petition to revive judgment on March 3, 2008, with respect to a judgment he obtained against appellee Eugene A. Patitucci on November 2, 2002, in the amount of $1,250,000. The trial court set the matter for a hearing on July 10, 2008, at 2:00 p.m.
 {¶ 5} On the date of the hearing, Walsh appeared at court and was observed by the judge's staff attorney in the courtroom. According to the transcript, the trial court's morning docket was not finished until about 2:30 p.m. At that time, the court took a recess and did not return to the bench until *Page 4 
4:00 p.m., at which time it called this case for hearing. The judge recognized that Walsh was no longer there and that Walsh had indicated to counsel that he was leaving. The judge proceeded to deny Walsh's petition for a lack of prosecution.
 {¶ 6} Walsh states in his brief that he appeared for the 2:00 p.m. hearing, that no member of the court indicated that the judge was running behind or checked to see if the matter should be rescheduled, and that it was the judge who was late for the hearing. Walsh alleges that he was called back to work at 3:40 p.m., that he was unable to locate any member of the court staff, and that he called the court and left a message on his way back to work. Although these are unsupported allegations, they are nevertheless consistent with the transcript of proceedings.
 {¶ 7} Walsh filed this appeal, raising six assignments of error for our review, which he addresses together in his brief. He essentially challenges the denial of his petition as being unfair and prejudicial, and he proceeds to argue the merits of his petition to revive judgment. Appellee claims that the trial court's denial of the petition was proper because Walsh did not comply with the service requirements of Civ. R. 4(F).[1]
 {¶ 8} The transcript reflects that the trial court denied Walsh's petition for *Page 5 
a lack of prosecution. A trial court's dismissal of a case for failure to prosecute is reviewed for abuse of discretion. Jones v.Hartranft, 78 Ohio St.3d 368, 1997-Ohio-203. A dismissal for failure to prosecute "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Id.; Civ. R. 41(B)(3). We must recognize that the law favors deciding cases on their merits and "a dismissal with prejudice for failure to prosecute is an extremely harsh sanction and should be reserved for situations where the conduct of a party, or his counsel, is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for such a dismissal."Murphy v. Industrial Comm. (Feb. 27, 1997), Cuyahoga App. No. 71149; see, also, Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 632.
 {¶ 9} Upon our review, we find that Walsh's conduct can hardly be said to be so egregious as to deny him the opportunity to have his day in court. We recognize that parties should typically notify the court of their need for a continuance. Here, Walsh alleges that he was not informed by the court of the delay, that he attempted to notify the court that he had to leave, that he was unable to locate a member of the court staff, and that he left a phone message for the court. Further, the record reflects that the judge was aware that Walsh had appeared for the hearing, but upon returning to the bench two hours after the scheduled hearing time, the judge recognized that Walsh was no longer there and had advised counsel that he had to leave. Rather than sua sponte issuing a *Page 6 
continuance, the trial court instead denied the petition for a lack of prosecution. Under the circumstances presented, we believe that the denial of Walsh's petition was a harsh result and that Walsh's conduct was not such that would warrant a dismissal. Further, we do not condone the trial court's actions in this matter.
 {¶ 10} Insofar as appellee states that he was not served with Walsh's petition as required by Civ. R. 4(F), the trial court could have provided Walsh with the opportunity to obtain service before resorting to a dismissal of the action. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. * * * Judicial discretion must be carefully — and cautiously — exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." De Hart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, 192
(internal citation omitted).
 {¶ 11} Finally, because the appellee was not afforded the opportunity to respond to Walsh's petition and because the trial court never reached the merits thereof, we do not reach the substantive merits of the petition on this appeal. The trial court should address the merits upon remand, as well as the allegations concerning the conduct of attorney Ilan Wexler.
 {¶ 12} Accordingly, under the circumstances of this case, we find the denial of Walsh's petition and dismissal of the action was an abuse of discretion.
 {¶ 13} Judgment reversed, case remanded. *Page 7 
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR.
[1] A judgment debtor is required to be served with a motion to revive a dormant judgment in accordance with the procedure set forth in Civ. R. 4(F). *Page 1