JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant, Viola Jackson, appeals the dismissal of her case pursuant to Civ.R. 41(B)(1) by the Cuyahoga County Court of Common Pleas, General Division. After reviewing the record and the arguments of the parties, we reverse the decision of the trial court for the following reasons.
 {¶ 3} On or about August 8, 2002, Jackson filed an action against the City of Cleveland ("the City") claiming her car, a 1997 Ford Explorer, had been seized by agents of the City in July 2001 and unlawfully held for approximately two months. She alleged this seizure caused her the loss of use and enjoyment of her vehicle as well as emotional distress. The court held a case management conference on November 13, 2002 wherein discovery and dispositive motion deadlines were imposed and dates for final pretrial and trial were set. This order was journalized and issued to the parties on or about January 23, 2003.
 {¶ 4} Trial of the matter was set for May 20, 2003. On May 15, 2003, the City filed a motion to dismiss Jackson's claim because it had discovered that she had filed a Chapter 7 bankruptcy action and had failed to list the car, which was the subject of the lawsuit against the City, as an asset, as is required in a bankruptcy proceeding. The trial court, however, denied the City's motion to dismiss. The parties then properly filed their trial documents and jury instructions with the court. On May 19, 2003, counsel for the appellant contacted the trial court and stated that he would be unavailable for trial due to being otherwise engaged in a criminal trial. In response, the trial court dismissed the appellant's case with prejudice for failure to prosecute. The court's order dismissing the matter was issued May 21, 2003 with no notice to counsel and no opportunity for counsel to address his failure to appear.
 {¶ 5} Appellant now presents two assignments of error for our review:
 {¶ 6} "I. The trial court abused its discretion when it dismissed appellant's case because her counsel was engaged in a murder trial and was not available for trial even though the trial court was also engaged in a criminal trial on the scheduled date of the civil trial."
 {¶ 7} "II. The trial court erred when it granted appellee's motions to strike plaintiff's motion to reconsider and motion to strike plaintiff's amended motion to reconsider."
 {¶ 8} Civ.R. 41(B)(1) states in pertinent part: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." The decision to dismiss a case pursuant to Civ.R. 41(B)(1) is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Jones v. Hartranft (1997), 78 Ohio St.3d 368, 371. To constitute an abuse of discretion, the ruling in question must be more than legal error; it must be unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." State v. Jenkins
(1984), 15 Ohio St.3d 164, 222, quoting Spalding v. Spalding (1959),355 Mich. 382, 384-385. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254; Quonset Hut, Inc. v. Ford Motor Co. (1997),80 Ohio St.3d 46, 47.
 {¶ 9} It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983), 7 Ohio St.3d 1,3, 7 Ohio B.Rep. 256, 257, 454 N.E.2d 951, 952. "Thus, although reviewing courts espouse an ordinary `abuse of discretion' standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits." Jones, 78 Ohio St.3d at 372. See, also, Quonset,80 Ohio St.3d at 48, 684 N.E.2d at 321.
 {¶ 10} The Ohio Supreme Court addressed this issue in Sazima v.Chalko, 86 Ohio St.3d 151 at 158; 1999-Ohio-92 at 15-17: "In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. See Jones v. Hartranft (1997), 78 Ohio St.3d 368, 372; Indus.Risk Insurers v. Lorenz Equip. Co. (1994), 69 Ohio St.3d 576, at the syllabus. However, "the extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party."Moore, 18 Ohio St.3d at 70. In other words, dismissal is reserved for those cases in which "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Quonset, 80 Ohio St.3d at 48, quoting Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. Jones,78 Ohio St.3d at 371-372. See, also, 9 Wright Miller, Federal Practice and Procedure (1995) 340, Section 2369; 5A Wright Miller (1990), supra, at 640-641, Section 1379.
 {¶ 11} In the instant case, counsel for appellant complied with all pretrial orders and filing deadlines and filed a written motion for continuance when it became apparent that he would have to remain in trial after commencing a criminal trial on May 19, 2003. Loc.R. 17(B) states in pertinent part:
 {¶ 12} "* * * when a continuance of trial or hearing is requested for the reason that counsel of record is scheduled to appear in another case, assigned for trial on the same date or in the same or another trial court of the state, the case which was first set for trial shall have priority * * * Criminal cases assigned for trial shall have priority over civil cases assigned for trial * * *."
 {¶ 13} Appellant's counsel argues that his motion for continuance was filed one day before the trial date because he became engaged in a trial on May 19, 2003 and was previously unable to foresee a conflict with the appellant's case. From the record presented, this request was the first request for a continuance of the trial date by the appellant. There was no negligent, irresponsible or dilatory action as would warrant dismissal on the merits, and we find that the trial court abused its discretion in dismissing appellant's case for failure to prosecute.
 {¶ 14} Appellee argues that even if the trial court abused its discretion in dismissing appellant's case pursuant to Civ.R. 41(B)(1), the case should still have been dismissed because the appellant failed to disclose her claim regarding the automobile in her 2002 Chapter 7 bankruptcy filing. This indeed may be the case since a party is generally estopped from concealing an asset or claim in a bankruptcy proceeding and then subsequently bringing an action to recover on said assert or claim in another court. Bruck Mfg. Co. v. Mason (1992), 84 Ohio App.3d 398, cert. denied 66 Ohio St. 1475. In the instant case, however, the appellee filed a motion to dismiss in the trial court on these grounds to which appellant was never given an opportunity to respond because of the court's dismissal.
 {¶ 15} Therefore, we hereby reverse the decision of the trial court and remand the case for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Timothy E. McMonagle, J., concur.