JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Autovest, LLC ("Autovest"), appeals from a Bedford Municipal Court judgment dismissing its case against defendant-appellee, St. Steven Swanson, with prejudice. For the following reasons, we reverse and remand.
 {¶ 2} Autovest filed a complaint for breach of contract and unjust enrichment against Swanson in March 2006. According to the complaint, Swanson leased an automobile in August 1999 through Huntington National Bank ("Huntington"). Huntington assigned the lease to Autovest in June 2005. Swanson allegedly breached the lease and owed Autovest $10,083.03 plus interest, as of October 19, 2002. Swanson timely filed a pro se answer, admitting that he owed Autovest money, but denying that he owed them the amount claimed.
 {¶ 3} The trial court set the matter for pretrial on August 14, 2006. Autovest moved to attend the hearing via telephone, which the trial court granted. *Page 2 
 {¶ 4} On Wednesday, August 16, 2006, the trial court stated in an entry: "[t]his matter came on for pretrial hearing August 14, 2006. Plaintiff has been advised Attorney and Client must appear for pretrial with full settlement authority." The trial court rescheduled the pretrial for August 21, 2006 at 8:45 a.m., and "advised" Autovest that "the within case will be dismissed with prejudice if Attorney and/or Client is not in Court on 8/21/2006."
 {¶ 5} In an August 24, 2006 entry, the trial court stated, "[t]he within cause having been regularly assigned for pre-trial on August 21, 2006, and plaintiff having failed to appear, it is hereby ordered by rule of Court, that the within cause be and is hereby dismissed for want of prosecution, with prejudice, at plaintiff's costs."
 {¶ 6} Autovest moved for relief from judgment or order pursuant to Civ.R. 60(B) on August 25, 2006, requesting the court to vacate its dismissal due to "mistake and excusable neglect."[1]
 {¶ 7} According to an affidavit filed in support of the motion, counsel for Autovest averred that during the pretrial conference on August 14 (where she attended via telephone), the trial court judge asked her if she had settlement authority. She informed the judge that her authority at that time was limited to the amount claimed in the complaint, but that she would "be happy to speak directly with *Page 3 
the Defendant regarding settlement of this matter and would likely be amenable to a compromise." She stated that the judge then "chastised" her for continuing to speak when he was speaking. Counsel claimed that she did not hear the judge speaking.
 {¶ 8} The judge then rescheduled the pretrial and advised counsel on the phone that if she did not appear in person with full settlement authority, he would dismiss the case. However, the judge did not inform her, at that time, when the rescheduled pretrial would occur.
 {¶ 9} Counsel stated that she did not receive notice of the rescheduled pretrial until after the pretrial had taken place, despite the fact that the notice was post-marked Wednesday, August 16, 2006. She indicated that her law firm received the notice in the mail late in the day on Friday, August 18, 2006, but that she did not receive it until after the hearing had taken place.
 {¶ 10} Immediately upon receiving the notice, counsel called the trial judge to discuss the matter, but did not reach him. She left a message with his secretary, but he did not return her call.
 {¶ 11} Autovest timely filed notice of appeal, raising the following three assignments of error:
 {¶ 12} "1. The trial court abused its discretion by dismissing Plaintiff's claims with prejudice for Plaintiffs counsel's failure to appear at a pretrial conference where *Page 4 
plaintiff's conduct was not so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for such a dismissal.'
 {¶ 13} "2. The trial court abused its discretion by dismissing Plaintiff's claims with prejudice for Plaintiff's counsel's failure to appear at a pretrial conference where other less drastic alternatives were not considered.
 {¶ 14} "3. The trial court abused its discretion and denied Plaintiff due process of law by dismissing Plaintiff's claims with prejudice for Plaintiff's counsel's failure to appear at a pretrial conference where notice of the conference was not reasonably calculated to give counsel actual notice of the hearing."
 {¶ 15} In all three assignments, Autovest argues that the trial court abused its discretion when it dismissed the case, and as such, we will address them concomitantly.
 {¶ 16} Civ.R. 41(B)(1) provides that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 17} It is within the trial court's sound discretion to dismiss a complaint for failure to prosecute. Fischer v. Greater ClevelandRegional Transit Auth. (Dec. 19, 1991), 8th Dist. No. 59694, 1991 Ohio App. LEXIS 6176, at 3, citing Pembaur v. Leis (1982), 1 Ohio St.3d 89,91. Thus, this court's standard of review is limited to *Page 5 
whether the trial court abused its discretion. "An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable." Thompson v. Gonzalez, 8th Dist. No. 88179, 2006-Ohio-6033, at _20, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 18} In Jackson v. Cleveland, 8th Dist. No. 83060, 2003-Ohio-7079, at _9, we stated, "[i]t is `a basic tenet of Ohio jurisprudence that cases should be decided on their merits.' Perotti v. Ferguson (1983),7 Ohio St.3d 1, 3 * * *. `Thus, although reviewing courts espouse an ordinary "abuse of discretion" standard of review for dismissals with prejudice, that standard is actually heightened when reviewing decisions that forever deny a plaintiff a review of a claim's merits.' [Jones v.Hartranft (1997), 78 Ohio St.3d 368, 372. See, also, [Quonset Hut Inc.v. Ford Motor Co. (1997), 80 Ohio St.3d at 46,48 * * *." (Parallel citations omitted.)
 {¶ 19} This court addressed this exact issue in Willis v. RCACorp.(1983), 12 Ohio App.3d 1, 1. In Willis, the plaintiff failed to appear at a scheduled pretrial. The pretrial had been scheduled four months in advance and the plaintiff admitted that he did not appear at the hearing because he inadvertently failed to note the pretrial date on his calendar. The trial court dismissed his case with prejudice. Id. at 3.
 {¶ 20} We modified the trial court's dismissal in Willis with prejudice to a dismissal without prejudice. We held, at 2-3: *Page 6 
 {¶ 21} "[T]he court should not order a dismissal with prejudice unlessplaintiff's `conduct (* * *) is so negligent, irresponsible, contumacious,or dilatory as to provide substantial grounds for (such) a dismissal(* * *).' * * *."
 {¶ 22} "Dismissal with prejudice for nonappearance is a drastic remedywhich should be used sparingly and in extreme situations. The court hasa wide variety of lesser sanctions available, including (1) a reprimandby the court; (2) a finding of contempt; (3) an order prohibiting theparty or attorney from appearing in that court without different counselin the future; and (4) a dismissal without prejudice. * * *" (Citationsomitted.)
 {¶ 23} We further reasoned in Willis that "[t]he power of the trial court to prevent undue delays and to control its calendars must be weighed against the policy which favors disposition of litigation on the merits." Id. at 3. We further noted that the circumstances "did not justify an order that plaintiff should forever lose his day in court." Id.
 {¶ 24} In Jackson, supra, we recently revisited this issue. The plaintiff in Jackson moved the court to continue a trial two days before it was scheduled to occur, due to being otherwise engaged in a criminal trial. One day after the trial, the court dismissed the case with prejudice. We reversed and remanded to the trial court. Id. at _15. We stated: *Page 7 
 {¶ 25} "The Ohio Supreme Court addressed this issue in Sazima v.Chalko, 86 Ohio St.3d 151, 158 * * *: `In considering dismissal under Civ.R. 41(B)(1), a trial court may properly take into account the entire history of the litigation, including plaintiff's dilatory conduct in a previously filed, and voluntarily dismissed, action. See Jones v.Hartranft (1997), 78 Ohio St.3d 368, 372 * * *; Indus. Risk Insurers v.Lorenz Equip. Co. (1994), 69 Ohio St.3d 576 * * *, at syllabus. However, `the extremely harsh sanction of dismissal should be reserved for cases when an attorney's conduct falls substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party.' Moore v. Emmanuel FamilyTraining Center, Inc. [1985], 18 Ohio St.3d 64, 70 * * *. In other words, dismissal is reserved for those cases in which `"the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order."` [Quonset Hut, Inc. v. Ford MotorCo. (1997), 80 Ohio St.3d 46, 48], quoting Tokles Son, Inc. v.Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621, 632 * * *. Absent such extreme circumstances, a court should first consider lesser sanctions before dismissing a case with prejudice. Jones, 78 Ohio St.3d at 371-372
* * *." (Parallel citations omitted.) Id. at _10.
 {¶ 26} In the instant matter, the trial court in Bedford, Ohio sent notice of the Monday, August 21 pretrial conference to Autovest's counsel in Columbus, Ohio, on *Page 8 
Wednesday, August 16. Counsel claims that she did not receive it until after the hearing had taken place, and therefore did not appear. As soon as she received the notice, she called the judge immediately to explain, but he did not return her call. We do not think "the attorney's conduct falls substantially below what is reasonable" or evidences "a complete disregard for the judicial system." Jackson at _10.
 {¶ 27} In fact, in Willis, we determined that the plaintiff's failure to appear at the pretrial was not so deliberate or rebellious that he should "forever lose his day in court." Id. at 3. And the plaintiff inWillis knew about the hearing four months in advance and forgot to note it on his calendar. Plaintiff's conduct was clearly negligent, but not so "negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for (such) a dismissal." Id. at 4. Here, Autovest's counsel's conduct was not as "negligent" as the plaintiff's conduct inWillis, if negligent at all. She did not inadvertently forget to note the pretrial date in her notebook four months prior to the hearing.
 {¶ 28} Attorneys frequently have multiple hearings scheduled several months in advance. Even if Autovest's counsel had received the notice late Friday afternoon when it arrived at her law firm, she may not have been able to attend the hearing due to a scheduling conflict. It was not reasonable for the trial court to schedule a pretrial *Page 9 
hearing, without verifying the attorney's availability to attend the hearing, when it only gave the attorney — at best — two-days notice by mail.[2]
 {¶ 29} The Bedford Municipal Court recognized this frequent occurrence in its local rules. The rules set forth the requirements for filing a continuance. Under Local Rule 7, all motions for continuances "shall besubmitted to the court in writing at least seven (7) days prior to ascheduled hearing, and must contain a brief in support setting forth thereasons requiring the continuance." The rules also set forth requirements attorneys must follow when requesting a continuance because of scheduling conflicts.
 {¶ 30} Thus, even under the local rules, attorneys have at least sevendays prior to a scheduled hearing to move for a continuance. Autovest's attorney would not have had the opportunity here, to move the court for a continuance, due to the fact that the court sent notice to her in Columbus, by ordinary mail, on a Wednesday — for an early morning Monday hearing.
 {¶ 31} Accordingly, we conclude that the trial court's dismissal with prejudice was an extremely harsh sanction in light of the circumstances. Absent such egregious conduct, the trial court should have first considered lesser sanctions *Page 10 
before dismissing the case with prejudice, especially considering the fact that Swanson admitted at least partial liability in his answer.
 {¶ 32} As such, Autovest's three assignments of error are sustained. The judgment of the Bedford Municipal Court is reversed and remanded for further proceedings consistent with this opinion.
It is ordered that appellant is assessed costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J. and MELODY J. STEWART, J., CONCUR
[1] The trial court did not rule on this motion prior to Autovest filing notice of appeal. In a September 26, 2006 judgment entry, it stayed the matter pending appeal.
[2] The pretrial was scheduled on a Wednesday for an early morning hearing on Monday. The trial court could not have reasonably expected the attorney to receive the notice on Saturday or Sunday. *Page 1