[Cite as *Parts Pro Automotive Warehouse v. Summers*, 2013-Ohio-4795.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99574

---

# PARTS PRO AUTOMOTIVE WAREHOUSE

### PLAINTIFF-APPELLEE

vs.

# SCOTT SUMMERS, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-759507

**BEFORE:** McCormack, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** October 31, 2013

**ATTORNEY FOR APPELLANT**

Patrick Dichiro
4141 Rockside Road
Suite 230
Seven Hills, OH 44131


**ATTORNEYS FOR APPELLEES**

Donald A. Mausar
Amanda Rasbach Yurechko
Weltman Weinberg & Reis
323 W. Lakeside Avenue
Suite 200
Cleveland, OH 44113

TIM McCORMACK, J.:

**{¶1}** Defendants-appellants, Scott Summers and Collective Automotive, L.L.C. (collectively "Summers"), appeal the trial court's order denying Summers's motion for relief from judgment. For the reasons that follow, we reverse the decision of the trial court.

### Procedural History and Substantive Facts

**{¶2}** On July 13, 2011, plaintiff-appellee, Parts Pro Automotive Warehouse ("Parts Pro"), filed a complaint against defendants-appellants, Summers and Collective Automotive, based upon the failure of Summers to pay an account allegedly due Parts Pro. Summers and Collective Automotive answered the complaint on August 23, 2011. Thereafter, a case management conference was held, during which the court set dates for a settlement conference, final pretrial, and a trial. On December 14, 2011, the settlement conference was held, during which counsel for the parties reached a tentative settlement. At this time, the court ordered counsel to submit an entry pertaining to the settlement. The court also ordered that all parties must be present for any future court dates or face possible sanctions. Summers claims that he was not aware of the settlement conference, the settlement that was tentatively reached, or the final pretrial.

**{¶3}** On January 12, 2012, the court held a final pretrial for which Summers was not present. The court ordered default judgment for Parts Pro and against Summers and Collective Automotive, in the amount of $3,040.36, stating in its journal entry, "Defendants again failed to appear."

**{¶4}** An order for a debtor's examination was entered on July 19, 2012. New counsel for Summers entered an appearance on August 7, 2012, and a debtor's examination was conducted of Summers thereafter.

**{¶5}** On August 28, 2012, Summers's new counsel filed a motion for relief from judgment on Summers's behalf. The court's docket entry indicates that a hearing on Summers's motion was held on January 24, 2013. On January 25, 2013, the court denied the motion for relief from judgment, stating, "Hearing held on 1/24/2013. Defendants' motion for relief from judgment, filed 8/28/12, is denied." This timely appeal follows.

### Assignments of Error

I. The trial court abused its discretion in denying the motion for relief from judgment filed by appellants without holding an evidentiary hearing.

II. The trial court erred and abused its discretion when it denied appellants' motion for relief from judgment filed pursuant to [Civ.R.] 60(B)(5) where appellants were the victims of gross neglect of duty by a prior attorney and had a meritorious defense.

### Law and Analysis

**{¶6}** This court reviews Civ.R. 60(B) motions under an abuse of discretion standard. *Render v. Belle*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, ¶ 8, citing *Associated Estates Corp. v. Fellows*, 11 Ohio App.3d 112, 463 N.E.2d 417 (8th Dist.1983). An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). In reviewing for an abuse of discretion, this court does not substitute its judgment for that of the trial court. *In re Jane Doe I*, 57 Ohio St.3d 135,

138, 566 N.E.2d 1181 (1990), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶7} In order to prevail on a motion for relief from judgment under Civ.R. 60(B), the moving party must establish that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Failure to prove any of the three elements is fatal to the motion, as the elements are "independent and in the conjunctive, not the disjunctive." *Id.* at 151. As a general rule, where the moving party has a meritorious defense and the motion is timely made, any doubt should be resolved in favor of granting the motion for relief, setting aside the judgment, and deciding the case on its merits. *Id.*

{¶8} Civ.R. 60(B) delineates various means by which a party can obtain relief from a final judgment:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B). The rule further provides that the motion "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

{¶9} In this case, Summers and Collective Automotive (hereinafter "Summers") claim that the trial court abused its discretion when it denied their motion for relief from judgment filed under Civ.R. 60(B)(5).[1] Summers argues that the court should have granted relief from judgment where he demonstrated gross neglect by prior counsel and he had a meritorious defense.

{¶10} In addressing the first element of the *GTE* test outlined above, we find that Summers has presented a meritorious defense. He maintains that he does not owe the amount alleged due by Parts Pro, stating that Parts Pro made accounting errors and failed to properly credit Summers for payments made. In support of his defense, Summers provided canceled checks and invoices that were submitted by Parts Pro.

{¶11} A defense is meritorious "if it is not a sham and when, if true, it states a defense in part or in whole to the cause of action set forth." *Rowe v. Metro. Property & Cas. Ins. Co.*, 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942, *12 (Apr. 29, 1999), citing *Brenner v. Shore*, 34 Ohio App.2d 209, 215, 297 N.E.2d 550 (10th Dist.1973). The moving party is not required to show that his defense will be successful. *CB Group v. Starboard Hospitality, L.L.C.*, 8th Dist. Cuyahoga No. 93387,

---

[1] In the interests of judicial economy, we address Summers's assignments of error out of order.

2009-Ohio-6652, ¶ 17, citing *Morgan Adhesives Co. v. Sonicor Instrument Corp.*, 107 Ohio App.3d 327, 334, 668 N.E.2d 959 (9th Dist.1995).

**{¶12}** We find, in light of the above, that Summers presented facts sufficient to support a valid defense to the claim made by Parts Pro. The success of Summers's defense is irrelevant. His defense is, therefore, meritorious under the first element of the *GTE* test.

**{¶13}** Secondly, we address whether Summers can show facts that entitle him to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). In order to demonstrate that he is entitled to relief under any of the subsections of Civ.R. 60(B), Summers must show "operative facts" demonstrating entitlement to relief. *Render*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, at ¶ 12, citing *Rose Chevrolet Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). While not required to submit evidentiary materials in support of the motion for relief, Summers must do more than make bare allegations of entitlement to relief. *Render*; *Kay v. Marc Glassman, Inc.*, 76 Ohio St. 3d 18, 20, 665 N.E.2d 1102 (1996).

**{¶14}** In this case, Summers alleges that the conduct of his former counsel goes beyond mere mistake, inadvertence, or excusable neglect, for which relief is provided under Civ.R. 60(B)(1). He, therefore, seeks relief under Civ.R. 60(B)(5), which provides for relief for "any other reason justifying relief from the judgment."

**{¶15}** Civ.R. 60(B)(5) is a catchall provision that reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc. v.*

*Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365 (1983), paragraph one of the syllabus. The grounds for relief must be substantial. *Id.* It is to be used only in extraordinary and unusual cases when the interests of justice warrant it. *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 316 N.E.2d 469 (8th Dist.1974).

{¶16} The general rule is that the neglect of a party's attorney will be imputed to the party for purposes of Civ.R. 60(B)(1). *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 153, 351 N.E.2d 113. This rule, however, "does not preclude the possibility that in an appropriate case other factors may also be present that entitle a party to relief under other sections of Civ.R. 60(B)." *Id.*

{¶17} One such occasion wherein an attorney's neglect may entitle a party to relief is where the attorney's neglect is "inexcusable." Inexcusable neglect is an "other factor" under Civ.R. 60(B)(5) and is grounds for relief. *Rowe*, 8th Dist. Cuyahoga No. 73857, 1999 Ohio App. LEXIS 1942, at *8; citing *Whitt v. Bennett*, 82 Ohio App.3d 792, 613 N.E.2d 667 (2d Dist.1992).

{¶18} In *Whitt*, the court held that an attorney's failure to comply with a discovery order, when he is in possession of discoverable materials, and his failure to attend a hearing on a motion to dismiss, after receiving proper notice, is inexcusable; therefore, the attorney's action falls under Civ.R. 60(B)(5). *Whitt* at 797. The court determined that such inexcusable neglect is different from the ordinary "simple lapses and technical failures" contemplated in Civ.R. 60(B)(1). It is, rather, a matter of "extraordinary nature, which is the purview of Civ.R. 60(B)(5)." *Id.* The court reasoned that, while the court

may find that the party is responsible for some measure of the failures, "fault should not automatically be imputed when an attorney has grossly neglected a diligent client's case and misleads the client to believe that his interests are being properly handled." *Id.* at 798.

**{¶19}** This court has previously applied *Whitt* in finding the nature of an attorney's inexcusable neglect so extraordinary as to fall within the purview of Civ.R. 60(B)(5). In *Hewitt v. Hewitt*, 8th Dist. Cuyahoga Nos. 71098 and 73448, 1998 Ohio App. LEXIS 5317 (Nov. 5, 1998), this court found that failing to file a timely answer because of personal problems, waiting until the day before a hearing to seek leave to file an answer instanter, and failing to appear in court for the divorce hearing without obtaining a ruling on the motion to file the answer or obtain a continuance, was inexcusable negligence. In *Rowe*, the fact that a defendant's 82-year-old lawyer failed to appear at trial and could not be located six months later was considered inexcusable neglect for the purposes of Civ.R. 60(B)(5) relief.

**{¶20}** In *Stickler v. Ed Breuer Co.*, 8th Dist. Cuyahoga Nos. 75176, 75192, and 75206, 2000 Ohio App. LEXIS 661 (Feb. 24, 2000), we found that the trial court did not abuse its discretion in finding the following conduct by counsel to be inexcusable neglect: (1) filed two complaints but failed to prevent commencement of one of the actions by instructing that no service be made upon the defendants in either jurisdiction; (2) filed a Civ.R. 41(A)(1) dismissal of one complaint, claiming service upon all attorneys of record, when there were no other attorneys of record; (3) failed to file an amended or

supplemental complaint despite receiving leave to do so; (4) failed to file with the court a copy of his opposition to any of the motions to dismiss allegedly served upon the opposing attorneys; (5) failed to advise the court when his telephone had been disconnected on how he could be reached; and (6) failed to timely file a motion for relief.

{¶21} More recently, in *CB Group*, 8th Dist. Cuyahoga No. 93387, 2009-Ohio-6652, where the attorney instructed his client "to let the matter remain in the courts," the attorney failed to notify his client of any deadlines to file responses to a motion for default judgment, the attorney failed to forward his new address to his client, and the attorney never notified the client of the consequences of failing to respond to the complaint, we found such actions constituted inexcusable neglect and of the extraordinary nature within the purview of Civ.R. 60(B)(5). Likewise, in *Render*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, where the attorney failed to notify the client of any court dates or developments in the case and the client was unaware that his attorney failed to attend any court dates or respond to motions, including a motion to compel, we found that the trial court abused its discretion in denying relief under Civ.R. 60(B)(5).

{¶22} In this case, Summers's former counsel attended a settlement conference, during which a tentative settlement was reached. According to Summers, his counsel never notified him of the settlement conference or that a settlement had been reached. At the settlement conference, the court ordered counsel to submit an entry pertaining to the settlement, "or final pre-trial and trial date will proceed as scheduled." The court also ordered that all parties must be present for all future court dates "or face possible court

ordered sanctions." The attorney never filed a settlement entry, and as a result, a final pretrial was held. Summers's attorney failed to appear. Summers states that his attorney never notified him of the final pretrial, nor the fact that Summers's attendance was ordered by the court. Thereafter, the court rendered default judgment in favor of Parts Pro, stating, "Defendants again failed to appear."

{¶23} Summers further states that he was never notified of the default judgment against him. Rather, he learned of the judgment through a sheriff's order in March 2012. Upon learning of the judgment, Summers states that he contacted his attorney in order to inquire of the judgment. His attorney advised him that he would take care of the matter. Summers never heard from his attorney again, despite Summers's repeated efforts to reach him. Finally, Summers retained new counsel to assist him. Summers's former counsel never moved to withdraw from Summers's case. On August 9, 2012, Summers filed a complaint against his former attorney with the local bar association.

{¶24} We find that the attorney's actions in this case demonstrate gross neglect, which rose to the level of abandonment. Parts Pro's argument that counsel's failure to appear at one hearing is not abandonment is disingenuous. Our review of the record, as noted above, indicates that Summers's former counsel: (1) failed to notify his client of the settlement conference and final pretrial; (2) failed to notify his client of the developments of his case, including the fact that a settlement was tentatively reached, pending only the filing of a settlement entry; (3) failed to file a settlement entry, thus requiring the need for a final pretrial; (4) failed to notify Summers that Summers's attendance at the final

pretrial was ordered by the court; (5) failed to attend the final pretrial, effectively causing default judgment to be entered against Summers; (6) failed to notify Summers that default judgment had been rendered against Summers and failed to inform Summers of the consequences of the judgment; (7) misled Summers into believing he was resolving the judgment; (8) failed to further communicate with his client, despite Summers's efforts to contact his attorney; and (9) failed to properly withdraw as counsel.

{¶25} The action of Summers's former counsel, outlined above, is not a mere lapse or technical failure. Rather, it is a matter of extraordinary nature, which is the purview of Civ.R. 60(B)(5). *Whitt*, 82 Ohio App.3d 792, 613 N.E.2d 667. We will not automatically impute fault where the attorney has grossly neglected a diligent client's case and misled the client to believe that his interests are being properly handled.

{¶26} We also note that while we generally review motions to dismiss matters with prejudice for an abuse of discretion, that standard is heightened when we review decisions that forever deny a party a review of a claim's merits. *Render*, 8th Dist. Cuyahoga No. 93181, 2010-Ohio-2344, citing *Autovest L.L.C. v. Swanson*, 8th Dist. Cuyahoga No. 88803, 2007-Ohio-3921. In *Render*, where the trial court dismissed the cause of action with prejudice after only seven months, we determined that it effectively contravened the "basic tenet of Ohio jurisprudence that cases should be decided on their merits." *Render* at ¶ 21, citing *Perotti v. Ferguson*, 7 Ohio St.3d 1, 3, 454 N.E.2d 951 (1983).

{¶27} Likewise, the trial court in this case entered default judgment against Summers, without analysis, when he and his attorney failed to appear at the final pretrial, only six months after the complaint was filed and five months after a tentative settlement was reached. It is likely that the matter would have been settled to the satisfaction of the parties had Summers's former attorney filed the proper entry with the court. The power of the trial court to prevent undue delays and to control its calendars must be weighed against the policy that favors disposition of litigation on the merits. *Willis v. RCA Corp.*, 12 Ohio App.3d 1, 3, 465 N.E.2d 924 (8th Dist.1983), citing *Link v. Wabash RR. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Moreover, a party's failure to appear at a pretrial does not justify "an order that plaintiff should forever lose his day in court." *Id*. To deny Summers his day in court, under these circumstances, is unreasonable and contravenes the interests of justice.

{¶28} In light of the foregoing, we find that the actions of Summers's former counsel amount to inexcusable neglect and are of the extraordinary nature that falls within the purview of Civ.R. 60(B)(5). Summers has, therefore, satisfied the second element of the *GTE* test and is entitled to relief under Civ.R. 60(B)(5).

{¶29} Lastly, we find that Summers's motion for relief was filed within a reasonable time. The court ordered default judgment on January 12, 2012, at a final pretrial. Summers states that he was not aware of the final pretrial, having never received notice, and that he did not become aware of the judgment against him until he received a bill for court costs and an order in aid of execution on March 16, 2012.

Summers stated in his affidavit that he contacted his former counsel upon learning of the judgment and his attorney assured him that he would handle the matter. Summers further stated that he, subsequently, made repeated attempts to contact his former attorney in order to inquire of the status of his case to no avail. Thereafter, in order to address the judgment, he retained new counsel, who entered an appearance on Summers's behalf on August 7, 2012, and filed the motion for relief on August 28, 2012.

{¶30} Civ.R. 60(B)(5) requires only that a motion made under the rule be made within a reasonable time. Civ.R. 60(B); *GTE,* 47 Ohio St.2d 146, 351 N.E.2d 113. In this case, Summers attempted to address the judgment against him as soon as he discovered the judgment, by contacting his attorney. When Summers did not receive further communication from his attorney in this regard, he retained new counsel, who filed the motion for relief within three weeks of entering an appearance. The time that passed between the entry of default judgment and the filing of the motion for relief was little more than seven months. Under these circumstances, Summers's motion was filed within a reasonable time.

{¶31} Accordingly, we find that the trial court abused its discretion in denying relief under Civ.R. 60(B)(5). Summers has established a meritorious defense, he has alleged sufficient operative facts that entitle him to relief under one of the grounds outlined in Civ.R. 60(B), and his motion for relief was made within a reasonable time. Moreover, the trial court, in denying Summers's motion for relief without analysis, provided no explanation that might assist this court in reviewing the trial court's decision.

**{¶32}** Summers's second assignment of error is, therefore, sustained.

<u>Evidentiary Hearing</u>

**{¶33}** Summers claims that the trial court abused its discretion in not holding an evidentiary hearing on Summers's motion for relief from judgment. Because we find, above, that the trial court abused its discretion in denying Summers's motion for relief, this argument is moot.

**{¶34}** The judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN A. KEOUGH, J., CONCURS;
MARY J. BOYLE, P.J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

MARY J. BOYLE, P.J., DISSENTING:

**{¶35}** Respectfully, I dissent and would affirm the trial court's decision.

**{¶36}** To concur with the majority that the trial court abused its discretion, I would have to find that the trial court's decision was "so palpably and grossly violative of fact or

logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias." *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996). I do not find that.

{¶37} While I acknowledge that this court has generally applied the holding of *Whitt v. Bennett*, 82 Ohio App.3d 792, 613 N.E.2d 667 (2d Dist.1992), in cases asserting "inexcusable neglect" to invoke the catchall provision of Civ.R. 60(B)(5), these cases are still very fact specific and do not hold that all instances of an attorney's "inexcusable neglect" mandate that a trial court grant a Civ.R. 60(B)(5) motion. Notably, the *Whitt* court did not even reach such a conclusion. Instead, the court recognized that neglect by an attorney that is extraordinary *may* be grounds for relief under Civ.R. 60(B)(5) and ordered the trial court to consider the applicability of Civ.R. 60(B)(5) on remand. Here, the trial court considered the applicability of Civ.R. 60(B) — indeed, it was the only grounds that Summers asserted for relief.

{¶38} Our job on appeal is to review the trial court's decision for an abuse of discretion — not to substitute our judgment for the trial court simply because we would have decided the motion differently. *See Ahern v. Ameritech*, 137 Ohio App.3d 754, 773, 739 N.E.2d 1184 (8th Dist.2000). The record reveals that Summers learned of the judgment against him in March 2012. Although he states that he then contacted his attorney at that time — the same attorney who failed to defend or appear on his behalf — he then sat on his rights until after Parts Pro sought to collect on the judgment. Summers

did not file his Civ.R. 60(B) motion until August 28, 2012, two and one-half weeks after Parts Pro had conducted a debtor's exam against him and nearly six months after he learned of the judgment. Ohio courts have recognized that delays as short as three or four months have been held to be unreasonable when no justifiable reason is given for the delay. *See Mt. Olive Baptist Church v. Pipkins Paints*, 64 Ohio App.2d 285, 413 N.E.2d 850 (8th Dist.1979) (four-month delay was unreasonable); *Bolinger v. Lake Cty. Sheriff's Dept.*, 11th Dist. Lake No. 12-053, 1987 Ohio App. LEXIS 8986 (Sept. 30, 1987) (three-month delay was unreasonable). Under the circumstances in this case, the trial court reasonably could have concluded that Summers's motion was untimely and, therefore, did not abuse its discretion in denying the motion.

{¶39} Since I cannot agree with the majority that the trial court acted unreasonable or arbitrarily in denying Summers's Civ.R. 60(B) motion for relief from judgment, I respectfully dissent.